## MABRY v. STATE

No. 42379 January 21, 1963 149 So. 2d 25

November 12, 1962 146 So. 2d 543

*Irwin, Webb & Douglas,* Memphis, Tenn.; *William O. Semmes,* Grenada, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McGehee, C. J.

The appellant was indicted on January 24, 1961, and was tried on February 5, 1962, and later convicted and

sentenced to the penitentiary for a term of three years, for a violation of Section 2052, Code of 1942, as amended by Chapter 276, Laws of 1958.

He employed an attorney prior to the term of court at which he was tried and convicted, and the said attorney, Honorable Murray Williams of the Yalobusha County, Mississippi bar, filed a demurrer to the indictment, a motion for the continuance of the case, and a motion for a change of venue. Finally when the case came on for trial on the 5th day of February, 1962, the attorney made the following statement in open court:

"If the court please, about three weeks ago Mr. Mabry called me and made an appointment with me to come down from Memphis to my office and discuss this case with reference to employing me to represent him. I gave him an appointment date and he and his mother and two other people came down from Memphis and discussed the case in detail with me and at that time I advised him what the amount of my fee would be, which I told him must be paid in advance. He said that that was no problem, that he would take care of that matter and assured me that my fee would be paid in advance. My fee was not paid, and on Saturday past I went to Memphis for a conference with Reverend Mabry, and also with Dr. Carroll C. Turner, a witness. I again discussed with Reverend Mabry my fee, that it had not been paid, and insisted that my fee be paid immediately and not later than 9:00 o'clock this morning. This morning I have discussed with Reverend Mabry the matter of my fee and he says that he does not have the money to pay me.

"I therefore ask the Court to relieve me as counsel for the defendant in this case.

"I want to say further that Reverend Mabry understood at all times this matter of my fee, it was thoroughly agreed and understood that my fee would be paid in advance and he knew the exact amount and thus far has failed to pay my fee. I want to apologize to the Court

for the situation I have placed the Court in and ask the Court's indulgence in relieving me as counsel for the defendant at this time.

"I would like to say further that I have spent considerable money out of my own pocket in investigating the merits of this case, discussing it with witnesses and making long distance telephone calls and other matters, and I estimate that I have expended somewhere in the neighborhood of four or five hundred dollars out of my pocket. At any rate, I want to apologize to the Court for the situation I have placed the Court in and ask the Court respectfully to relieve me as counsel for the defendant in this matter."

Thereupon the Court permitted Mr. Williams to withdraw as attorney for the defense and made the following statement into the record:

"The Court observes that the indictment in this case is a year old, the same having been returned at the January 1961 term of this Court. The case was passed over at the July 1961 term of court because the defendant could not be apprehended or found and was apparently out of the State. The Court further observes that the defendant, according to my information and if I am incorrect I will ask the defendant to correct me, was able to employ counsel and did employ counsel to fight extradition when the State attempted to return the defendant to the State of Mississippi for trial. The Court believes that if the defendant could employ counsel to go to Nashville, Tennessee and defend him in a proceeding there before the Governor, that he should have been able to employ counsel in the trial of the case on its merits. The Court further observes that in the opinion of the Court no thorough or satisfactory reason has been given by the defendant in his statement for not employing counsel.

"Therefore the Court feels that under all the circumstances in this case that the same should go to trial, and

if it is to be tried at this term of court it must be tried beginning today because there is no other available time at this term which has already been extended for one week, and the prospects are that the remaining portion of the week will be filled out. In order to assure a trial at this term it is necessary that the trial begin today. The Court does not believe that he would be treating Mr. Williams right to compel him to represent the defendant under the circumstances which he has detailed in his motion. Since this is not a capital case the Court cannot appoint counsel. The Court regrets this situation and regrets that this defendant may be put to trial without an attorney, but the Court does not believe that the defendant has used proper diligence in the matter, and the motion made by counsel, Honorable Murray Williams, is hereby sustained and he will be permitted to withdraw for the reasons he has stated, but under the circumstances the case must go to trial.

''The Court will grant a few minutes for the defendant to contact some other local attorney if he desires to do so.''

It does not appear from the record as to whether or not the accused contacted some other local attorney to defend him, but the record discloses the following additional statement made by the trial Judge:

''The Court at this time states into the record that the defendant has orally made a motion with the court that this case be continued for the term so that he may obtain a lawyer, and for the reasons given heretofore in the record the Court has overruled the motion.''

■■ ■ Thus, it will be seen that the record fails to show that the accused asked that his case be passed until a later day of the term, or that he contacted any other attorney to defend him, but the record shows that on the contrary he asked that the case be continued until the next term of court. Since the accused was advised that the case would have to be tried on the day that the at-

torney withdrew from the case, and that the accused would be granted ''a few minutes * * * to contact some other local attorney if he desires to do so'', we are reversing and remanding the case out of the utmost precaution to see to it that the appellant shall have sufficient time to arrange for another attorney to defend him prior to the next term of court, convening subsequent to January 1963, and for the benefit of the record we state that we feel that the Honorable Murray Williams was fully justified in withdrawing from the case at the time he did, for the reasons stated. However, it was suggested in conference that probably the attorney should have suggested to the court, upon his withdrawal as an attorney in the case, that the case be continued for the term. But the court had explained its reasons for requiring the case to be tried on that day, and the attorney doubtless felt that he would not be justified in volunteering to ask the court to continue the case.

Since the case is to be retried, we express no opinion as to the sufficiency or weight of the evidence in the case. The case has given us considerable concern, but since we think that the case is of such a nature as to render important the assistance of counsel for the accused, we have finally concluded that the cause should be reversed and remanded in order that the accused may, if he can do so, employ counsel in due time before the next term of court for the proper preparation and trial of the issues involved. The question here involved was dealt with to some extent in our opinions in the cases of Gray v. State, 223 Miss. 554, 78 So. 2d 588; Blakeney v. State, 228 Miss. 162, 87 So. 2d 472, and by analogy, although it was a capital case, McKenzie v. State, 233 Miss. 216, 101 So. 2d 651.

Reversed and remanded.

*Kyle, Ethridge, McElroy, and Jones, JJ., concur.*

## ON MOTION TO REINSTATE DISMISSED APPEAL

McGehee, C. J.

The appellant in this cause was tried in the Circuit Court of Grenada County without an attorney. His assignment of error and brief not having been filed within the time required by the Rules of this Court the appeal was dismissed on October 8, 1962. He has now employed an attorney who has filed a motion to reinstate the cause, and ▆▆▆ since it is the general policy of this Court to hear cases on their merits when a reasonable request is made in that behalf, we have concluded to sustain the motion and reinstate the appeal and set the cause for hearing and submission on January 7, 1963, but not for the reason assigned by the appellant's attorneys in his motion, who say that they did not receive a notice from the Clerk that the case was set for hearing on November 5, 1962. ▆▆▆ The receipt of such notice is not essential to requiring the appeal to be defended here since an appellant should know whether or not he has appealed his case, and should file his assignment of error and brief within the time required by our rules, whether he is notified by the Clerk or not as to when his case is set for hearing. ▆▆▆ The purpose of the notice by the Clerk is merely to advice appellant's attorney as to when the case is set for hearing in the event he should desire to be present.

Motion to reinstate sustained and case set for January 7, 1963.

All Justices concur, except Arrington, J., who took no part.