## WINTER *v.* STATE

No. 42739 November 4, 1963 157 So. 2d 127

*Leon E. Provine,* Grenada, for appellant.

*G. Garland Lyell, Jr., Asst. Atty. Gen.,* Jackson, for appellee.

LEE, P. J.

This is an appeal by Edwin Winter from a conviction for uttering a forged instrument, and a sentence of three years in the State Penitentiary.

The appellant has assigned and argued that the trial court was in error (1) in refusing to continue the case on account of the absence of a material witness for the defendant, who was sick; and (2) in requiring the defendant to stand trial after his counsel suddenly withdrew from the case, thus allowing him insufficient time to secure other counsel.

The record discloses that the grand jury, on January 28, 1963, returned an indictment against defendant on a charge of uttering a forged writing on paper. This instrument was a check, in the amount of $30, dated

November 9, 1962, drawn by Mrs. C. H. Winter, the mother of the defendant, on the Leflore Bank & Trust Company, Greenwood, Mississippi, to the order of Grant Furniture Company. The case was called for trial on January 31, 1963.

The trial judge, in the absence of the jurors, made an elaborate statement concerning the status of this case, substantially to this effect: The defendant was arrested and charged, in a preliminary trial, with this particular crime about December 1, 1962. The judge was advised, when the case was first called, that W. A. Lomax, an attorney, represented the defendant. But now Lomax has informed him that his fee had not been paid, the defendant had also been critical of his services, and he wished to withdraw from the case. Under the circumstances, the judge did not require the attorney to continue; but said that the defendant was somewhat familiar with courtroom procedure, as he had previously been charged several times either with forgery or false pretenses, and had been sent twice each to both the state and federal penitentiaries. He further stated that the case had been set for trial at that time, and that there was no other subsequent date of the present term at which defendant could be tried without disrupting the docket and sending the jury home without anything to do that day.

At that juncture, the defendant said that his mother had a canceled check, showing that she paid the lawyer a part of the retainer fee, and his withdrawal from the case was very sudden; that Lomax had advised him the afternoon before that he would go to see defendant's mother and then return to the jail and tell him what other attorney to hire; and that court would go into the next week and he would have ample time to secure another lawyer. (It was not shown whether the attorney complied with this promise.)

The judge then inquired whether or not Mrs. Winter, the mother of the defendant, was present; and thereupon stated into the record that she was not present and that a doctor's certificate showed that she was sick.

According to the record, the defendant had been in jail since about December 1st, was in jail at the time of the return of the indictment, and had been in jail ever since.

Mrs. Winter was evidently a material witness, either for the State, if she would testify that she did not sign or authorize her signature on the check; or for the defendant, on the other hand, if she would testify either that she signed or authorized her signature to the check; but she was not present because of illness.

Three cases, decided over the past few years, have laid out the course to be followed where the particular question here involved arises. They are: Gray v. State, 223 Miss. 554, 78 So. 2d 588; Blakeney v. State, 228 Miss. 162, 87 So. 2d 472; and Mabry v. State, 245 Miss. 143, 149 So. 2d 25. In each instance, there was a misunderstanding between the accused and his counsel, and the court permitted counsel to withdraw. Although finding the accused derelict in those cases, the Court, out of precaution to see that he might have time to secure counsel in order to make an adequate defense, reversed the convictions and remanded the causes for new trial.

The present case is no exception to that rule. The conclusion that this case must be reversed and remanded is based solely upon the decisions of this Court; and it is not necessary to consider the impact of recent decisions by the Supreme Court of the United States.

It was reversible error on the part of the trial court, under the circumstances appearing in this record, to require the appellant to go to trial for this serious crime on such short notice.

Reversed and remanded.

*Kyle, Ethridge, Rodgers and Jones, JJ.,* concur.