196 So.2d 893 (1967)
Joe David WATSON
v.
STATE of Mississippi.
No. 44198.
Supreme Court of Mississippi.
March 27, 1967.
*894 Fred Witty, Greenwood, for appellant.
Joe T. Patterson, Atty. Gen., by R. Hugo Newcomb, Sr., Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice.
Appellant, Joe David Watson, was indicted, tried and convicted in the Circuit Court of Humphreys County of the crime of burglary of a building intended to be used as a dwelling house. He was sentenced to serve a term of five years in the state penitentiary, and from this conviction and sentence he appeals to this Court.
This is the second appearance of this case in this Court. On the former appeal we reversed the conviction because appellant had been indicted under the wrong statute and ordered that he be held under the same bond to await the action of the grand jury of Humphreys County. Watson v. State, 254 Miss. 82, 179 So.2d 826 (Miss. 1966).
The principal question to be decided in this case is whether the trial court was in error in refusing to grant appellant a fair opportunity to secure counsel to represent him in the trial of this case in the circuit court.
Appellant was represented on the former appeal and at the former trial by an attorney appointed by the court. He was again indicted by the grand jury at the February 1966 term of court. After indictment an instanter capias was issued requiring the sheriff of Humphreys County to take the appellant and safely keep him. Appellant was taken into custody on the 22nd day of February, 1966, and on the next day, February 23, appellant was arraigned and entered a plea of not guilty. At the time of his arraignment he was represented by the same attorney who had represented him in the former proceedings. Two days later, on February 25, the case was called for trial, and appellant appeared without counsel.
*895 At that time the trial judge dictated into the record the following statement:
The defendant in this cause is the same party who was the defendant in Cause No. 1834 on the docket of the Circuit Court of Humphreys County, Mississippi which was tried in February 1965, being the regular February Term. It involves the alleged burglary of the same property alleged to have been burglarized in the present indictment under which this defendant is now being tried. At that time, in February 1965, the defendant represented to this court that he was indigent, and the court appointed an attorney to represent him, to-wit: Honorable W.D. Womack, of the Humphreys County, Mississippi bar, and to defend said defendant in said cause. Said cause was tried in this court and the defendant was convicted and sentenced, and an appeal was made to the Supreme Court of Mississippi, wherein it was reversed because of an error in the indictment.
This defendant was again indicted at this the February, 1966, Term and it was then brought to the attention of this Court by Honorable W.D. Womack that the defendant, Joe David Watson, had been indicted again upon said charge.
Upon investigation by the court and in conversation with the defendant by the court at the time of his arraignment, defendant admitted to the court that he possessed real property in this county, said property having an approximate unencumbered value of $4,000.00, whereupon the court advised the defendant that the court could not consider him an indigent and advised him to obtain counsel. Honorable W.D. Womack was with the defendant and represented him at his arraignment and indicated his willingness to serve as counsel provided a proper arrangement could be made as to his fee. At this time, this case was set for trial on this date, and today, the trial date of this case, the defendant appeared in court without counsel and requested a continuance which was denied.
This statement is all that appears in the record relative to this matter. Due to the lack of proper record being made, we are unable to ascertain what efforts, if any, appellant made or was able to make to secure counsel during the lapse of less than forty-eight hours from the time of his arraignment to the time of trial. Further, because of the inadequacies of the record, we do not know the reasons for the request for a continuance or why it was denied, and are unable to judge therefore whether there was such abuse of discretion in denying the continuance as to keep the defendant from his constitutional right to have counsel.
A record should show affirmatively that all steps necessary to sustain the conviction, either by statute or under recognized rule of practice, have been properly taken in the prosecution. 24A C.J.S. Criminal Law § 1719 (1962).
As to those indispensable requisites necessary to the validity of the record as a judicial proceeding, nothing can be presumed for or against the record, except what appears substantially on its face. The record must show affirmatively the compliance with those provisions of the statute that are intended to secure the accused a fair trial. It should show all indispensable facts without which the judgment would be void. Dyson v. State, 26 Miss. 362 (1853).
The Supreme Court of the United States has held that the fourteenth amendment to the federal constitution secures the right in state prosecutions to a fair opportunity to arrange for counsel of the accused's own choice. Crooker v. State of California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448 (1958). The right of counsel also extends to the preparation for trial as well as the trial itself. Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).
*896 In Cash v. Culver, 358 U.S. 633, 79 S.Ct. 432, 3 L.Ed.2d 557 (1959), which arose on a habeas corpus petition in Florida, the court said that if the facts alleged in that case were true, then the assistance of a lawyer was necessary under the requirements for due process. In this regard it said: "On the present record there is no way to test their truth. But the allegations themselves made it incumbent upon the Florida courts to determine what the true facts were."
The sixth amendment of the federal constitution provides that accused in a criminal prosecution shall have the assistance of counsel for his defense, and the sixth amendment is applied to state prosecutions through the fourteenth amendment. Crooker v. State of California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448 (1958).
The state constitution likewise grants an accused the right to be heard by counsel. Miss.Const. art. 3, § 26 (1890).
When constitutional rights are involved it is incumbent upon the trial court to have a full-blown hearing and a record reflecting the same. If such a hearing is held, then it is not difficult for us to determine whether or not the accused has been denied any of his constitutional rights. In the case before us it is impossible for us to determine whether or not the court abused its discretion in refusing to grant the defendant additional time within which to secure counsel.
In Mabry v. State, 245 Miss. 143, 146 So.2d 543, 149 So.2d 25 (1963), we held that where a defendant was left without an attorney to represent him through some misunderstanding with his counsel, he should have been granted additional time to secure counsel of his own choice to represent him. It was said in that case that for precaution the case should be reversed and remanded for a new trial, to give the accused an opportunity to be represented by counsel. Further, in that case the record failed to show that the accused attempted to secure an attorney within the short time granted.
It may well be that the trial judge was justified in refusing to give appellant additional time within which to secure counsel, but the record wholly fails to reveal this fact. We think that since a constitutional right was involved, the record should fully reflect the facts upon which the court's opinion was based.
Since the case is to be retried, we express no opinion as to the sufficiency or weight of the evidence in this case, the evidence being practically the same as it was in the original trial, except in this instance one of the accomplices at one time repudiated his testimony, but again testified to the same facts upon this trial. We think that another jury should have the opportunity to pass upon this evidence with the accused being represented by counsel if he so desires.
For the reasons stated, this case is reversed and remanded for a new trial.
Reversed and remanded.
GILLESPIE, P.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.