345 So.2d 1044 (1977)
Robert L. ROBINSON
v.
STATE of Mississippi.
No. 49878.
Supreme Court of Mississippi.
May 11, 1977.
*1045 McIlwain, McIlwain & Cox, John H. Cox, III, Greenville, for appellant.
A.F. Summer, Atty. Gen., by Catherine Walker Underwood, Special Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SUGG and WALKER, JJ.
WALKER, Justice, for the Court.
Robert L. Robinson was indicted in the Circuit Court of Washington County for the crime of embezzling a printing plate belonging to his employer, The Times Publishing Company of Greenville. The court, sitting without a jury, heard all the evidence and found Robinson guilty as charged. The court sentenced Robinson to a term of six months in the county jail, four of which were suspended. In his first assignment of error, Robinson contends that his conviction must be reversed because he was not tried by a jury. First, he contends that the right to trial by jury, guaranteed by Article III, Section 31 of the Mississippi Constitution of 1890, cannot be waived by the accused. Finally, he contends that, even if the right may be waived, the record must affirmatively reflect that the accused waived his right knowingly and voluntarily.
There is no merit whatever in Robinson's first assignment of error. It has been settled in Mississippi that trial by jury in criminal cases may be waived by the agreement of the defendant and the prosecution. Prueitt v. State, 261 So.2d 119, 121-22 (Miss. 1972). There is no need to reexamine that holding here.
Robinson's second assignment of error requires us to elaborate on the nature and requisites of a waiver. Since the right to trial by jury in state criminal proceedings is an aspect of due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution, Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), the waiver of that right is also governed by the Federal Constitution. The Supreme Court of the United States, speaking through Justice Black, has said, "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938). We have indicated that similar standards of waiver are to be applied to rights secured by the Mississippi Constitution. See Morgan v. United States Fidelity & Guaranty Co., 222 So.2d 820, 829-30 (Miss. 1969).
Robinson contends that in all cases the record must affirmatively reflect that the standards of Johnson and Morgan have been met. We disagree. As a general rule, this Court presumes that the decisions of the lower courts are correct. To the appellant falls the duty of insuring that the record contains sufficient evidence to support his assignments of error on appeal. See, e.g., Shelton v. Kindred, 279 So.2d 642, 644 (Miss. 1973). A multitude of constitutional rights may conceivably be involved in any criminal proceeding. It would impose *1046 an unmanageable burden upon the trial courts to hold that the record of each trial must affirmatively show that no constitutional rights whatsoever have been violated. If we hold that such an affirmative showing is required where the right to trial by jury is involved, we can see no basis for refusing to extend the requirement to such rights as the effective assistance of counsel. We decline to place such a burden on our trial courts.
The more reasonable approach is to require the making of a record only when the defendant calls the question to the attention of the trial court. Our courts are always ready to protect and to vindicate the constitutional rights of the accused, but they require the defendant's active cooperation. In this case, the defendant made no objection to his counsel's waiver of trial by jury at the outset of the trial, nor did he raise the issue by a motion for a new trial. Either procedure would have allowed the trial court to hear evidence and to give full consideration to his claim. We believe that Watson v. State, 196 So.2d 893 (Miss. 1967), is consistent with this approach. In that case, Justice Inzer wrote, "When constitutional rights are involved it is incumbent upon the trial court to have a full-blown hearing and a record reflecting the same." Id. at 896. However, in that case, the defendant had notified the trial court of his lack of counsel by his motion for a continuance. In the present case, Robinson made no such effort before reaching this Court. Since the record does not show that Robinson's waiver of his right to trial by jury did not meet the standards set forth in Johnson and Morgan, his conviction must be affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, BROOM and LEE, JJ., concur.