669 So.2d 29 (1996)
Richard CHUNN
v.
STATE of Mississippi.
No. 92-KA-00673-SCT.
Supreme Court of Mississippi.
February 5, 1996.
Jimmie D. Marshall, Jackson, for appellant.
Michael C. Moore, Attorney General, DeWitt T. Allred, III, Special Ass't Attorney General, Jackson, for appellee.
En Banc.
PITTMAN, Justice, for the Court:

STATEMENT OF THE CASE
Richard Chunn was sentenced to imprisonment for possession of cocaine on a record that fails to indicate that he pled guilty or received a trial on the merits before a jury, a record that leads this Court to conclude further that he did not knowingly and intelligently waive the right to a jury trial. For that reason, the lower court must be reversed and this cause remanded for trial.

STATEMENT OF THE FACTS
On January 11, 1990, Richard Chunn was stopped while driving a car without a license tag, and was arrested and charged with DUI. During the arrest he was searched, and the officers discovered one half gram of cocaine. On June 13, 1990, he was indicted on the charge of possession of cocaine with intent to distribute. On July 23, 1990, he waived arraignment and entered a plea of not guilty. That "not guilty" plea is the only plea by Chunn found in the record on this appeal.
On November 23, 1990, and again on May 8, 1992, Chunn filed motions to suppress the cocaine as evidence, asserting that the stopping of his car was pretextual, that excessive force was used by the arresting officers, and *30 that the search exceeded that necessary for protection of the officers in a traffic stop. The motions were overruled on May 8, 1992 and on July 20, 1992. On May 8, 1992, a sentencing order was entered by the court, sentencing Chunn to three years imprisonment with two years and six months suspended on three years supervised probation. The suspended time was conditioned on five years good behavior. This order was signed, apparently indicating approval, by counsel for the State and Chunn's counsel. It was not signed by Chunn, and there is no written waiver of jury trial.
On March 4, 1991, a hearing was held on the motion to suppress, and at that time three officers testified as to the circumstances of the arrest and the search. After the State rested, Chunn's counsel asked for a continuance in order to obtain a witness, and the hearing was recessed. On September 19, 1991, the hearing was reconvened and Chunn testified.
During this second session, there was a stipulation announced by the prosecutor, to which Chunn's attorney expressed agreement. That stipulation related only to venue and to the adoption of the officers' prior testimony in this continued hearing. It in no way speaks of any plea agreement or of a waiver of jury trial. At the conclusion of the testimony, Chunn's counsel sought time to obtain a transcript and prepare a brief, and was granted that opportunity. During this session, the prosecutor made clear to the court that "What is really being tried here, Your Honor, is the motion to suppress." There can be no suggestion that this was recognized by the parties or the court as a bench trial of the merits.
On May 8, 1992, a sentencing hearing was conducted, and at the beginning of that hearing, the only thing that could be taken as a stipulation was announced by the prosecutor, Hedgepeth:
Your Honor, this is the State of Mississippi vs. Richard Chunn, Cause No. 90-1-488. Your Honor, at this  at a previous date a Motion to Suppress was heard before this Court, which included all of the witnesses in the case for both sides. After that motion, the Court denied the Motion to Suppress. At that time, we came back before the Court by  and agreed by stipulation that the testimony of the officers would be the same, as the defense did, and submitted to the Court that as a trial for the Court to determine guilt or innocence in that the testimony was, and it never was denied, that there was one rock of cocaine found in the Defendant's pocket, and the only thing that was really contested were the circumstances around the search. At  at that time the Court delayed or deferred finding of guilt upon request of the defense counsel  I believe that was in September or October of '91  to give defense counsel a chance to prepare either a brief or a memorandum to submit to the Court, which he did in April of this year, if I'm not correct 
BY MR. KELLY: That's correct.
In context, the statement by Kelly: "That's correct," addresses and acknowledges the correctness of the statement that he submitted a brief in April. Shortly thereafter, Kelly said:
This  this hearing has transpired over probably a period of a year, like we'd have testimony, and then a witness wouldn't be present, and we'd continue it and get another hearing, and then maybe we'd have another hearing set  set in front of Your Honor, and I think one time you were down on the coast. So what I'm saying is, it's drug out for about a year. I do not think I submitted a brief. I'm not sure. I think I did in April. I'd just like to point out a few things to you on this, Your Honor.
The prosecutor's statement was not presented as a fresh stipulation, but rather as his recollection of the one that had been made earlier. At no point is there an acknowledgment of the stipulation by Chunn or his counsel. Furthermore, the statement that the earlier stipulation was to submit the suppression hearing evidence as a trial on the merits is simply incorrect, and while it is assumed that Chunn was present during the sentencing hearing, such assumption is not based on the record; neither the reporter's annotations nor the transcript so indicates. Chunn made no statement and was asked no *31 question in this proceeding. Additionally, the prosecutor's statement that the suppression motion had not been formerly filed, but had been ruled on, is incorrect in both respects. Although Judge Hilburn might have told the attorneys that he intended to overrule it, he had not done so at this time. With the matter having been considered over a year or more, it seems that all concerned were confused. Chunn's attorney showed concern over whether he had even filed the promised brief.
As matters progressed, they became more confused. The prosecutor pointed out that the matter was set on that day, May 8, 1992, only for a sentencing hearing. Chunn's attorney reminded the court that Chunn had not yet been found guilty. The trial judge said that he thought, but was not sure, that he had told the prosecutor to submit an order overruling the suppression motion; in any event, the judge said that he would thereafter consider the defendant's authorities. Although it is not clear, it appears that the judge was saying that he was going to overrule the motion to suppress at that time, but would then consider the authorities. At this point, the motion to suppress remaining open, the prosecutor restated the stipulation:
MR. HEDGEPETH: All right. Your Honor, I will provide the Court a [sic] order overruling the Motion to Suppress, as far as the trial goes. The stipulation was the facts were the same as submitted in the Motion to Suppress as far as testimony, and we submit that to the Court for the finding of guilt at that time, and would urge the Court that certainly was sufficient facts to find him guilty of simple possession of cocaine.
In response, Chunn's attorney said simply, "If my motion is overruled." The court asked Chunn's attorney if there was a waiver of jury trial and the admission of guilt, to which the attorney answered affirmatively. Chunn said nothing, and there was no inquiry or examination made of him as to the admission of guilt.
As the hearing was concluding, the prosecutor called the Court's attention to the fact that he had not found the defendant guilty on the record, to which the court responded: "Well, I  I  I stated did he agree that under those facts the Defendant was guilty, and he [defense counsel] stated yes, so that  that's what  ... ." Again, not Chunn, but his attorney, in response to this statement said, "If the Motion to Suppress is overruled." The judge answered, "If it's overruled, then he will be  he is adjudicated guilty of the offense."
Throughout this exchange, there was reference to a motion for a new trial. The record does not reflect that one was filed, but on June 1, 1992, Judge Hilburn entered an order denying such a motion, the order indicating on its face that it was prepared by Chunn's new attorney, Jimmie D. Marshall. The order does not indicate the grounds assigned for a new trial. At the conclusion of the sentencing hearing on May 8, 1992, when asked what he wanted to do about Chunn's motion for a new trial, the judge said, "If I overrule the Motion to Suppress, then at that time I'll give you a motion ." As mentioned above, an order overruling a motion to suppress was signed by the court on May 8, 1992, the day of the sentencing hearing. Chunn was released on bond.

AUTHORITY AND ANALYSIS
It is difficult to determine whether this case is better framed as one of an improper guilty plea, a defective sentencing procedure, or a case in which there was a failure to effectively waive the right to trial by jury, without a finding of guilt. The appellant phrases the question: "Can a defendant be sentenced to serve time in the state penitentiary on a felony charge without a Boykin hearing, without a Boykin petition, and without any adjudication of guilty whatsoever?" The State argues that there can be and was here a waiver of jury trial without compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and Alexander v. State, 226 So.2d 905 (Miss. 1969), asserting that the present procedure was endorsed by this Court in Robinson v. State, 345 So.2d 1044 (Miss. 1977).
Robinson, however, does not solve this problem. While acknowledging that trial by jury may be waived by the accused, *32 Robinson, although declining to require that there be a specific finding of waiver in the record, explicitly holds that, as to a fundamental, constitutional guarantee, any waiver must ordinarily be an intentional relinquishment of a known right. Id. at 1045. It certainly does not hold that there can be a valid conviction with no on the record finding of guilt.
At first blush, it might appear that Boykin and Alexander have no application here because there was no guilty plea, as such. However, a deeper look at the reasoning of these cases leads to the contrary conclusion. In Boykin, the requirement of an on-the-record determination that a plea of guilty is knowing, voluntary and intelligent is grounded in the several fundamental federal constitutional rights that are waived when the guilty plea is entered. Citing established case law, the Court in Boykin observed that federal protections required a reliable determination of the voluntariness of a confession and an on the record waiver of right to counsel. The Court then, observing that the question of an effective waiver of a federal constitutional right must be governed by federal standards, said:
Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth... . Second is the right to trial by jury. ... Third is the right to confront one's accusers... . We cannot presume a waiver of these three important federal rights from a silent record.

Boykin, 395 U.S. at 243, 89 S.Ct. at 1712, 23 L.Ed.2d at 279-80 (emphasis added) (citations omitted) (footnote omitted). Clearly, the fact that the waiver of these three fundamental rights, including jury trial, cannot be presumed is the ground out of which the Boykin requirement of an affirmative, on the record, showing of waiver grows. Correspondingly, in Alexander this Court quoted this language, adopting the rationale as well as the holding of Boykin. Alexander, 226 So.2d at 909. If the determination, by some means, of the knowing and voluntary waiver of each of the three fundamental rights is not required, there can be no other basis for Boykin. However it is done, a trial court must satisfy itself that the waiver of fundamental constitutional rights is knowing and voluntary. Godinez v. Moran, 509 U.S. 389, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993), cert. denied sub nom. Moran v. McDaniel, ___ U.S. ___, 116 S.Ct. 479, 133 L.Ed.2d 407 (1995). It is the duty of the trial court to assure that kind of knowledge and volition:
Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity.
Patton v. United States, 281 U.S. 276, 312-13, 50 S.Ct. 253, 263, 74 L.Ed. 854, 870 (1930), overruled in part (on different grounds) by Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970).
In the federal system, although a pure Boykin on-the-record colloquy is not required in order to achieve a constitutional waiver of jury trial, the federal cases do strongly "implore" the district courts to inform the defendants about the nature of the right they are waiving. United States. v. Christensen, 18 F.3d 822, 825 (9th Cir.1994); United States v. Cochran, 770 F.2d 850, 852 (9th Cir.1985); United States v. Martin, 704 F.2d 267, 274-275 (6th Cir.1983).
Massachusetts, recognizing that while the federal constitution requires a knowing and intelligent waiver, does not require that a colloquy to achieve that waiver be on the record. However, that state has concluded *33 that, in the aid of sound judicial administration, such a colloquy, on the record, is required in that jurisdiction. Commonwealth v. Abreu, 391 Mass. 777, 463 N.E.2d 1184 (1984); Ciummei v. Commonwealth, 378 Mass. 504, 392 N.E.2d 1186 (1979). Although Mississippi has not gone so far as to specifically require an on-the-record colloquy, nothing in our law indicates that we hold a clear expression of the deliberate quality of the waiver determination to be less important.

CONCLUSION
Although Robinson does not require an on-the-record determination for a valid waiver of jury trial, it does, as does federal case law, require that there be an intentional relinquishment or abandonment of a known right in order for there to be a waiver. While that case does show deference to the trial court and entertains a presumption that its judgment is correct, and requires the appellant to present the appellate court with a proper record to support his contentions, it does not require that the appellate courts of the state ignore the record as presented. The record presented gives a picture of confusion, confusion of the prosecutor, the defense counsel and the trial judge, all of whom transformed an interrupted suppression hearing into a hearing on the merits, even before the motion was decided. At the conclusion of the sentencing hearing, all left the courtroom with the announcement of a sentence contingent on an evidentiary ruling and with no conclusive finding of guilt, but with inconclusive conversation about a motion for a new trial and further consideration of the points raised in the suppression hearing. The code states that, "A person charged with an offense shall not be punished therefor unless legally convicted thereof in a court having jurisdiction of the cause and of the person." Miss. Code Ann. § 99-19-3 (1972). There simply is no indication in the record that Chunn was legally convicted either by "confession of his guilt in open court or by admitting the truth of the charge against him by his plea, or by the verdict of a jury accepted and recorded in court." Id. The judgment is reversed and the matter remanded for trial.
REVERSED AND REMANDED.
PRATHER and SULLIVAN, P.JJ., and BANKS and JAMES L. ROBERTS, Jr., JJ., concur.
McRAE, J., concurs in result only.
SMITH, J., dissents with separate written opinion joined by DAN M. LEE, C.J., and MILLS, J.
SMITH, Justice, dissenting:
Chunn testified at the second hearing on the motion to suppress in September 1991 after the continuance from the first hearing on the motion to suppress. After this two-part hearing and these confusing conversations between the trial judge and attorneys, the trial judge overruled Chunn's Motion to Suppress the cocaine found on Chunn's person. The Order was dated May 8, 1992. The transcript reveals that the attorneys and judge consistently interrupted each other, therefore casting some doubt on whether they were talking about the same thing at the same time. However, it is clear that this was not a guilty plea, as suggested by the Majority's application of Boykin. The Majority attempts to expand the interpretation of Boykin and require the Mississippi trial courts to do something, not identifying exactly what would be satisfactory, but to do something to show that the waiver of a trial by jury, the "waiver of fundamental constitutional right," is knowing and voluntary. (Majority at 32). Yet, the Majority admits that Mississippi does not specifically require an on-the-record colloquy to enforce a waiver.
It is well settled that a jury trial in criminal cases may be waived by agreement of the prosecution except where the death penalty is involved. Evans v. State, 547 So.2d 38, 40 (Miss. 1989). Robinson v. State, 345 So.2d 1044, 1045 (Miss. 1977), held that trial by jury in criminal cases may be waived by the agreement of the defendant and the prosecution. Robinson then addressed the nature and requisites of a waiver. The Majority, asserts that Robinson requires that, as to a fundamental, constitutional guarantee, any waiver must ordinarily be an intentional relinquishment *34 of a known right. Id. at 1045; citing Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). However, Robinson states that the record does not have to affirmatively reflect that the standards of Johnson have been met. Robinson, 345 So.2d at 1045 (emphasis added).
To the appellant falls the duty of insuring that the record contains sufficient evidence to support his assignments of error on appeal. A multitude of constitutional rights may conceivably be involved in any criminal proceeding. It would impose an unmanageable burden upon the trial courts to hold that the record of each trial must affirmatively show that no constitutional rights whatsoever have been violated.
Robinson, 345 So.2d at 1045-46 (citations omitted). However, we do not even need to necessarily invoke the Robinson rule because the case at bar is equipped with a record specifically waiving a jury trial.
TRIAL COURT: Is there  well, is there a waiver of jury trial and 
CHUNN'S ATTORNEY: Yes, sir, we waive a jury trial and 
TRIAL COURT:  an admission of guilt on the facts that are presented if  if there's not a suppression of the  (evidence of cocaine)
CHUNN'S ATTORNEY: That's right.
Chunn, through his attorney, waived his right to a jury trial. It is unclear from the record whether Chunn was present for his hearing on this matter.[1] He obviously intended to allow his attorney to speak for him. His attorney clearly agrees to the scenario that if the motion to suppress is overruled, then Chunn waives a jury trial and admits his guilt in the facts presented. In hindsight, the Majority labels this a guilty plea. Yet, the trial judge does not call it such, nor does Chunn's attorney. Generally, this Court presumes that the decisions of the lower courts are correct. Robinson v. State, 345 So.2d at 1045.
The more reasonable approach is to require the making of a record only when the defendant calls the question to the attention of the trial court. Our courts are always ready to protect and to vindicate the constitutional rights of the accused, but they require the defendant's active cooperation. In this case, the defendant made no objection to his counsel's waiver of trial by jury at the outset of the trial, nor did he raise the issue by a motion for a new trial. Either procedure would have allowed the trial court to hear evidence and to give full consideration to his claim.
Id. at 1046. In the case at bar, a Motion for a New Trial was apparently made, though it is not in the record, because there is an Order overruling the Motion for New Trial. Since this Motion is not in the record, we can not say that he raised the issue in the Motion for New Trial either.
To disallow Chunn's attorney's agreement to waive a jury trial is an expansion of the law in Mississippi regarding the waiver of jury trials. Robinson clearly states that this should have been raised at trial or in a motion for a new trial. Therefore, I dissent to the Majority's holding that Chunn's waiver of a jury trial was not knowing and voluntary.
DAN M. LEE, C.J., and MILLS, J., join this opinion.
NOTES
[1] When giving the sentence for Chunn, the judge does refer to "you" several times, as if Chunn is present. If he was present, this is extremely similar to the Robinson facts, where this Court gives the defendant the responsibility to object in the proceedings, should his attorney agree to something to which the defendant is opposed.