756 So.2d 777 (1999)
Patrick J. PIPKINS a/k/a Patrick Jerome Pipkin, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00751-COA
Court of Appeals of Mississippi.
February 9, 1999.
Rehearing Denied May 4, 1999.
Certiorari Denied July 29, 1999.
Chokwe Lumumba, Jackson, Attorney for Appellant.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
BEFORE McMILLIN, P.J., DIAZ, and KING, JJ.
*778 DIAZ, J., for the Court:
¶ 1. Patrick Pipkins was convicted of aggravated assault and sentenced to a term of eighteen years in prison. From this conviction, he perfects his appeal to this Court and argues (1) that the waiver of his jury trial was unknowingly and involuntarily entered and (2) that he received ineffective assistance of counsel. Finding his arguments without merit, we affirm.

FACTS
¶ 2. On June 22, 1996, an altercation arose between Bobby Harris and the appellant, Patrick Pipkins. The two exchanged words, and at some point Harris knocked Pipkins's beer out of his hands. Harris then walked away from Pipkins but returned a short time later. The two began arguing again, at which time Pipkins hit Harris in the face with a gun. Harris then reached for a stick and hit Pipkins across the back, breaking the stick. Pipkins then pointed his gun at Harris and pulled the trigger. The gun initially misfired, but Pipkins continued firing, eventually striking Harris in the back, leaving him paralyzed from his waist down. Pipkins was later arrested and charged with aggravated assault. Following a bench trial, Pipkins was found guilty as charged. It is from this conviction that Pipkins now brings forth his appeal.

DISCUSSION

I. DID PIPKINS UNKNOWINGLY AND INVOLUNTARILY WAIVE HIS RIGHT TO A JURY TRIAL?
¶ 3. Pipkins argues on appeal that he did not knowingly and voluntarily waive his right to a jury trial but instead requested a bench trial only at the insistence of his attorney. According to Pipkins, his defense counsel persuaded him to waive a jury trial because the attorney had a scheduling conflict which would have prevented him from representing Pipkins if the trial should last longer than one day. The State argues that the trial transcript confirms that Pipkins's waiver was voluntarily and knowingly entered. We agree.
¶ 4. Prior to the trial in this case, the judge spoke directly to Pipkins and advised him of his constitutional right to a trial by jury. The judge informed Pipkins that a jury was available to hear his case should he change his mind and then proceeded to instruct Pipkins on the function of a jury. The judge then informed Pipkins of the procedure in a bench trial, pointing out that the judge would hear the evidence and make a final determination of guilt. The judge once again questioned Pipkins regarding his decision to waive a jury trial. After being certain that Pipkins was fully aware of the consequences of his decision, the judge proceeded with a bench trial.
¶ 5. It is well settled in Mississippi that a jury trial in criminal cases may be waived by the agreement of the accused and the prosecution. Robinson v. State, 345 So.2d 1044, 1045 (Miss.1977). However, as to any "fundamental, constitutional guarantee, any waiver must ordinarily be an intentional relinquishment of a known right." Chunn v. State, 669 So.2d 29, 32 (Miss.1996). It seems clear to this Court that the trial judge in the present case adequately informed Pipkins of his constitutional right to a jury trial and of the consequences of waiving this right. Pipkins cannot now claim that he was deceived into requesting a bench trial due to his unfamiliarity with the legal process. Consequently, Pipkins's assertion that he is entitled to any relief on the basis of this assignment of error is without merit.

II. WAS PIPKINS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 6. Pipkins argues that he received ineffective assistance of counsel due to his attorney's failure to adequately prepare his case for trial as well as his attorney's advice to request a bench trial instead of accepting his constitutional right to a trial *779 by jury. In order to succeed on any ineffective assistance of counsel claim, the appellant must satisfy the two-part test articulated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 477 (Miss.1984), which requires a showing that (1) counsel's performance was deficient and (2) that the deficiency prejudiced the defense. "The burden to demonstrate both prongs is on the defendant who faces a strong but rebuttable presumption that counsel's performance falls within the broad spectrum of reasonable professional assistance." Eakes v. State, 665 So.2d 852, 872-73 (Miss.1995). "Only where there is a reasonable probability that without counsel's errors the outcome of the trial would have been different will this Court find ineffective representation." Id. at 873.
¶ 7. It is undisputed that Patrick Pipkins and Bobby Harris argued and that Pipkins thereafter shot Harris in the back with his gun. The altercation occurred in the presence of witnesses who testified as to the events that occurred on the evening Harris was shot. The trial judge listened to all of the evidence and came to the only logical conclusion-that Pipkins was guilty of aggravated assault. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686, 104 S.Ct. 2052. We cannot say that but for these alleged errors, the outcome in this case would have been different. Because Pipkins fails to meet his burden of demonstrating both prongs of the Strickland test, we dismiss this assignment of error as lacking in merit.
¶ 8. THE JUDGMENT OF THE TATE COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF EIGHTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY RESTITUTION IN THE AMOUNT OF $8,754.29 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., COLEMAN, IRVING, KING, LEE, PAYNE, and SOUTHWICK, JJ., CONCUR.