SOUTHWICK, P.J.,
FOR THE COURT:
¶ 1. Jason Alston appeals from the denial of his petition for post-conviction relief. He alleges that the trial court erroneously held that Alston had waived his Eighth Amendment rights, and the sentence imposed constitutes cruel and unusual punishment. We disagree and affirm.
FACTS
¶ 2. On February 9, 2000, Alston entered a guilty plea in Choctaw County to the charge of burglary of a dwelling. The State had agreed to recommend a sentence of fifteen years with ten years to serve and five years’ post-release supervision. However, in order to coincide with the release date of a sentence imposed by the Attala County Circuit court on a separate charge, the court sentenced Alston to sixteen years with fourteen to serve and two years’ post-release supervision.
¶ 3. On February 22, 2002, Alston filed for post-conviction relief on the ground that his sentence was so excessive as to constitute cruel and unusual punishment. The petition was denied on March 5, 2002. The trial court found Alston’s sentence was within the statutory guidelines and Alston had waived his right to object to the proportionality of his sentence by entering a guilty plea.
DISCUSSION

1. Waiver of proportionality review

¶ 4. Alston’s first assignment of error stems from one of the grounds the trial *203 court relied upon to deny the post-conviction relief petition. In its order, the circuit court held, “[t]he Court finds that Alston, by entering a plea of guilty, waived his right to object to the proportionality of his sentence and that his petition for post-conviction relief is without merit and should be denied.”
¶ 5. In entering a guilty plea, a defendant waives three specific constitutional rights: the right to a jury trial, the right to confront one’s accusers, and the privilege against self-incrimination. Chunn v. State, 669 So.2d 29, 32 (Miss.1996) (quoting Boykin v. Alabama, 396 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). The right to be free of cruel and unusual punishment is not among the rights waived.
¶ 6. However, we find that the trial court’s possible belief that a waiver of this right occurred did not infect his or our interpretation that the sentence itself does not violate some Eighth Amendment guarantee of proportionality. The United States Supreme Court has held that the Eighth Amendment does not contain a guarantee of proportionality. Harmelin v. Michigan, 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). Not having an Eighth Amendment right to a proportional sentence, the statement that Alston had waived that right does not constitute reversible error.

2. Cruel and unusual 'punishment

¶ 7. Alston also alleges that his sentence is so excessive as to constitute cruel and unusual punishment. The trial court found the sentence was within the statutory parameters for the crime charged and not disproportionate.
¶ 8. Alston urges that he is entitled to a proportionality review under Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Solem applies a three-factor analysis to determine if a sentence is disproportionately harsh so as to violate the Eighth Amendment prohibition against cruel and unusual punishment: (1) the gravity of the crime; (2) comparison with sentences imposed on other defendants for the same crime in the same jurisdiction; and (3) comparison with sentences imposed in surrounding jurisdictions. Id. at 292, 103 S.Ct. 3001. Alston argues the gravity of his crime was minor and the sentence was far in excess of those imposed on other defendants for the same or similar crimes, examples of which were included in the brief to this court.
¶ 9. The Supreme Court has subsequently altered its interpretation. The Eighth Amendment does not contain a proportionality guarantee. Severe penalties are not, by themselves, violative of the Eighth Amendment. Harmelin, 501 U.S. at 994-95, 111 S.Ct. 2680. Alston must do more than show his sentence was more severe than those imposed on other, similarly situated defendants. Before such comparisons will be made, Alston must meet the threshold requirement of showing the sentence imposed is grossly disproportionate to the crime charged. Hoops v. State, 681 So.2d 521, 538 (Miss.1996). Unless Alston can satisfy this preliminary requirement, he is not entitled to the extended Solem comparison analysis. Id.
¶ 10. By statute, the crime of burglary of a dwelling carries a maximum imprisonment penalty of twenty-five years. Miss.Code Ann. § 97-17-23 (Rev.2000). As a general rule, we will not disturb sentences which are permissible by statute. Reynolds v. State, 585 So.2d 753, 756 (Miss.1991). Alston places much emphasis upon the comparison of his sentence with others but suggests no argument as to why his sentence is inappropriate for the crime of burglary. We do not find that a sen *204 tence of this length is grossly disproportionate to the crime.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF CHOCTAW COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ„ CONCUR.