SMITH, Presiding Justice,
for the Court:
Andrew Rhodis and Richard V. Gaines were convicted in the Circuit Court of Jackson County of armed robbery. Rhodis was sentenced to ten years imprisonment, Gaines to eight years.
On appeal, appellants argue that the verdict was “contrary to the law” and “contrary to the evidence.” The record of the evidence given at the trial has been examined and carefully considered and appellants’ contentions are without merit. While irrevocably conflicting in several particulars, the evidence of guilt given at the trial was strong and was fully capable of supporting the verdict finding appellants guilty of armed robbery returned by the jury as triers of facts. The trial court properly denied appellants’ motion to direct the jury peremptorily to find them not guilty.
Appellants next assign as error, requiring reversal, the refusal of the trial court to give two instructions requested by them dealing with the law of self-defense. Each of the two instructions contains an incorrect statement of the law of self-defense and, moreover, there was no evidence capable of supporting a theory that appellants had acted in self-defense.
The other assignment of alleged error is that appellants were prejudiced by the giving of the “Allen Charge.” Allen v. United States, 164 U.S. 492,17 S.Ct. 154, 41 L.Ed. 528 (1896). We are unable to pass upon this contention, however, because the only information with respect to the alleged giving of it appears in the briefs of counsel. The official record is silent as to the giving of any such charge. The alleged charge itself is not in the record, nor do the circumstances under which it is claimed to have been given appear in the record. It is now argued that appellants were entitled to have the record supplemented or amended to include these items. They did not follow any authorized procedure to accomplish this, and did not avail themselves of their opportunity to pass upon the correctness and completeness of the record or of the methods available to them to correct errors and supply omissions in the record. See Mississippi Code Annotated section 9-13-35 (1972).
Mississippi Code Annotated sections 99-17-41 and 99-17-43 (1972) provides for bills of exceptions which may be employed to have included in the record matters which may be regarded as competent and relevant which would not otherwise become a part of *1048 the record. In this case, no bill of exceptions was filed or requested.
The trial took place on April 28, 1976. Appellants were sentenced on May 28,1976. The first objection to the so-called “Allen Charge” alleged to have been given by the trial judge, if it can be called that, was made by the appellants on May 31, 1976, in a motion for a new trial. The objection came too late for this particular question to be raised in that manner and for the first time and, in addition, none of the assertions contained in the motion were supported by any evidence and no evidence was offered as to the circumstances alleged to have existed at the time of the giving of the “Allen Charge,” nor as to the alleged contents of the charge. Another motion two and one-half months later also suffered from the same defects. This Court can consider only matters which appear in the official record of the case. Diddlemeyer v. State, 234 So.2d 292 (Miss.1970); Wilkinson v. Steele, 207 Miss. 701, 43 So.2d 110 (1949); State v. Cummings, 203 Miss. 583, 35 So.2d 636 (1948).
No prejudicial error being disclosed by the record the convictions and sentences are affirmed.
AFFIRMED.
PATTERSON, C. J., INZER, P. J., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.