388 So.2d 141 (1980)
Ricky Allen BAUGH
v.
STATE of Mississippi.
No. 52094.
Supreme Court of Mississippi.
September 17, 1980.
John M. Sekul, Lawrence Semski, Biloxi, for appellant.
Bill Allain, Atty. Gen. by Wayne M. Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, BROOM and LEE, JJ.
LEE, Justice, for the Court:
Ricky Allen Baugh was indicted and tried in the Circuit Court of the Second Judicial District of Harrison County, Honorable Kosta N. Vlahos, presiding, for the capital murder of William Ross Raney. The jury found Baugh guilty of capital murder, but, on the sentencing phase of the trial, was unable to agree upon a death penalty verdict. The trial judge sentenced him to life imprisonment in the state penitentiary, from which sentence and judgment he has appealed.

I.
Appellant first contends that the evidence was not sufficient to support the guilty verdict.
William Ross Raney lived in Bossier City, Louisiana and was a Master Sergeant in the United States Air Force. He left home on February 16, 1979, in a green Dodge pickup truck with the destination of Mississippi *142 Gulf Coast. He met the appellant and they were seen together drinking at Chris's Lounge in Gulfport. They were joined by two other persons, one of whom was Raney's friend by the name of Dennis Stonestreet. It developed that Raney had picked up appellant as a hitchhiker.
The men went to another bar, the Wildfire Lounge, where they had additional drinks, and Raney eventually left the group. In his truck were certain personal effects of the appellant, who became angry when he discovered that Raney had left. Appellant returned to Chris's Lounge in search of Raney.
The next morning, Raney's body was discovered lying face down in a vacant lot in Biloxi. There were deep cuts, abrasions and lacerations on Raney's face, a bullet wound in the left side of the neck, which severed the jugular vein, and a severe wound on the back of the skull. According to a pathologist, the gunshot wound was the primary cause of death with the skull injury listed as a contributing cause. Raney was highly intoxicated at the time of his death.
On February 18, 1979, a sheriff's deputy in Valdosta, Georgia, saw appellant parked in the green Dodge pickup truck in an open field, and he questioned appellant about his presence there. Appellant was not arrested, but, after the sheriff's office checked the identification of the pickup truck and found that it was stolen, the deputy returned to the place where appellant was and took him into custody. A search of the truck revealed items of personal property, consisting of a watch, necklace, a .38 caliber Smith & Wesson revolver, and considerable blood in the truck. Appellant also had a billfold which was subsequently identified as that of the deceased. The items of personal property belonged to the deceased, and the bullet removed from Raney's body was identified as having been fired from the .38 caliber Smith & Wesson. There were three live shells in the cylinder and another shell which had been fired.
Under the above assignment, the appellant argues that the body was not identified as that of Raney. However, in questions throughout the trial, both by the prosecutor and defense counsel, the body was referred to as William Ross Raney, and was identified as such by witnesses quoting from other persons (hearsay evidence), which was not objected to. In oral argument before the jury, defense counsel referred to the body as that of Raney. Also, circumstantial evidence was overwhelming in identifying the deceased as William Ross Raney. Circumstantial evidence is sufficient to prove the identity of a deceased. Dooley v. State, 238 Miss. 16, 116 So.2d 820 (1960).
The evidence for the State (appellant introduced only one witness, Arthur Morrison, who simply testified that he recovered a suitcase of personal effects near Chris's Lounge during the month of February, 1979, and the suitcase was identified as belonging to the appellant) was ample to support the jury verdict of guilty of capital murder. Warn v. State, 349 So.2d 1055 (Miss. 1977).

II.
Appellant contends that the lower court erred in overruling his motion for a mistrial on the ground that he was denied cross-examination of State witness Dunagan.
The State filed a motion in limine to prohibit defense counsel from questioning witnesses concerning an exculpatory statement given by appellant to Officer Dunagan en route from Georgia to Biloxi. The statement was excluded by the lower court, but, at trial, defense counsel sought to question Dunagan as to the existence of the statement without going into the contents of same. The court refused to permit defense counsel to show the existence of the statement, since it held that the contents were not admissible. Counsel did not make a proffer of the evidence, and the record does not indicate what he intended to show by the existence of the statement. In Jones v. State, 342 So.2d 735 (Miss. 1977), Jones contended that the trial court erred in refusing *143 to admit in evidence an exculpatory statement to the police. This Court held that the statement was a self-serving declaration and was inadmissible. See also Cone v. State, 271 So.2d 453 (Miss. 1973). The statement being inadmissible as a matter of law, reference to the statement was also inadmissible.

III.
Appellant next contends that the lower court erred in declining to grant a mistrial when the prosecution commented on the failure of the accused to testify.
The closing argument was not taken in shorthand by the court reporter. A tape recorder was used, but most of the argument was inaudible. That part which could be transcribed is questionable as to whether or not it constituted a comment on appellant's failure to testify, and it appeared to be in answer to argument of appellant's counsel. In Aldridge v. State, 180 Miss. 452, 177 So. 765 (1938), the Court held that such a comment must clearly appear from the record. There was no request for, or attempt to construct, a special bill of exceptions to show what was said and done. On the record, there is no way for this Court to consider that assignment, it not having been preserved for our consideration. Rhodis v. State, 349 So.2d 1046 (Miss. 1977); Yates v. State, 342 So.2d 312 (Miss. 1977); Saucier v. State, 328 So.2d 355 (Miss. 1976).
There being no reversible error in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.
PATTERSON, C.J., took no part.