440 So.2d 318 (1983)
Sanford MASON
v.
STATE of Mississippi.
No. 54485.
Supreme Court of Mississippi.
November 9, 1983.
*319 William Dean Stark, John Paul Moore, Starkville, for appellant.
Bill Allain, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and BOWLING and ROBERTSON, JJ.
BOWLING, Justice, for the Court:
Appellant was indicted, tried and convicted in the Circuit Court of Oktibbeha County of the crime of rape. The jury returned a verdict of guilty and by its verdict found that he should serve a life sentence with Department of Corrections. Appellant's indictment also included charges under Mississippi Code Annotated, Section 99-19-81 (Supp. 1983), alleging two prior felony convictions as a result of which he received at least a term of one year for each. Upon the jury's conviction in the present case, the circuit court sentenced appellant, under the provisions of said section, to serve a life term without parole.
On appeal, appellant presents only one assignment of error, to-wit:

I. DID THE COURT ERR IN DENYING THE DEFENDANT'S MOTION FOR JNOV AND/OR A NEW TRIAL WHERE THE STATE EXERCISED ITS PEREMPTORY CHALLENGES TO ALLEGEDLY SYSTEMATICALLY EXCLUDE ALL BLACKS FROM THE JURY IN VIOLATION OF THE DEFENDANT'S CONSTITUTIONAL RIGHTS?
At the outset, we note that the alleged error is not before the Court properly. There is nothing in the record other than the statement in appellant's motion for JNOV and/or new trial that the jury in this case was all white. Nowhere in the record are the names and race of the persons composing the jury set out. Neither does the record show the names and race of those peremptorily challenged from the special venire panel. There is nothing in the record to show any reason on the part of the state or the appellant for peremptorily challenging any juror.
We have on many occasions held that we must decide each case by the facts shown in the record, not assertions in the brief, however sincere counsel may be in those assertions. Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them. Phillips v. State, 421 So.2d 476 (Miss. 1982); Branch v. State, 347 So.2d 957 (Miss. 1977); Robinson v. State, 345 So.2d 1044 (Miss. 1977); Shelton v. Kindred, 279 So.2d 642 (Miss. 1973); and Alexander v. Hancock, 174 Miss. 482, 164 So. 772 (1935).
Furthermore, nowhere in the record other than the allegations of the post-trial motion is there shown any objection to the state's use of its peremptory challenges.
Assuming, but not agreeing, that the assignment of error as shown in the record only in the motion for JNOV/or new trial is sufficient for us to consider the assignment of error submitted to this Court, we find that the assignment is wholly without merit for the following reasons: The leading case with regard to the constitutionality of using peremptory challenges to exclude from the jury people belonging to a particular race or class is Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). There the defendant, a black man, was convicted by an all-white jury. He contended his constitutional rights were violated by the state's use of peremptory challenges. The United States Supreme Court in rejecting this contention said:
The presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the Court. The presumption is not overcome and the prosecutor therefore subjected to *320 examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes.
This Court in a number of cases has followed the dictates in Swain, supra. See Irving v. State, 228 So.2d 266 (Miss. 1969); Coleman v. State, 378 So.2d 640 (Miss. 1979); Gilliard v. State, 428 So.2d 576 (Miss. 1983).
There is no need of prolonging this opinion by discussing all of the applicable cases in detail. They do not support appellant's position and we, therefore, are required to affirm the verdict of the jury and the sentence of the circuit court.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P. JJ., and ROY NOBLE LEE, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.