# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-IA-00531-SCT

*OAKWOOD HOMES CORPORATION,*

*OAKWOOD MOBILE HOMES, INC.,*

*OAKWOOD ACCEPTANCE CORPORATION*

*AND JOE LOTT*

*v.*

*RALPH RANDALL*


| | |
|---|---|
| DATE OF JUDGMENT: | 3/21/2001 |
| TRIAL JUDGE: | HON. JOHN T. KITCHENS |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | L. BRADLEY DILLARD |
| ATTORNEY FOR APPELLEE: | CRAIG L. SLAY |
| NATURE OF THE CASE: | CIVIL - APPELLATE PRACTICE AND PROCEDURE |
| DISPOSITION: | AFFIRMED AND REMANDED - 08/29/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/19/2002 |


**BEFORE SMITH, P.J., WALLER AND CARLSON, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. We granted permission for this interlocutory appeal to review an order denying a seller's motion to compel arbitration based on an arbitration agreement in a mobile home purchase contract. *See* M.R.A.P. 5. Since the seller failed to provide us with a complete record to review the order, we affirm the order and remand this case for further proceedings.

## FACTS

¶2. Ralph Randall filed a complaint for declaratory judgment and other relief in the Circuit Court of Rankin County, Mississippi, against Oakwood Homes Corporation, Oakwood Mobile Homes, Inc., Oakwood Acceptance Corporation,[1] and Joe Lott, a salesman,[2] based on Randall's purchase from Oakwood, Inc.,[3] of an allegedly defectively designed mobile home. The purchase contract signed by Randall included an

arbitration agreement, and the complaint alleges that he was coerced into signing the arbitration agreement. Oakwood filed a motion to stay so that the proceedings could be referred to an arbitrator. The circuit court recessed the hearing on the motion to stay so that the parties could engage in limited discovery. It then denied the motion to compel arbitration in an order which did not address the merits of the motion or give a reader any clue as to why the circuit court ruled the way it did. In the documents filed in order to effect an interlocutory appeal of the circuit court's denial of the motion to compel arbitration, Oakwood requested that the record contain "[a]ny transcript of oral arguments regarding Appellants' Motion to Stay Proceeding and Compel Arbitration, including all exhibits offered or admitted into evidence in conjunction therewith." The Circuit Clerk of Rankin County filed an estimated cost of appeal in which it was stated as follows: "PER CIRCUIT COURT REPORTER KAREN ROWZEE, THERE WILL NOT BE A COURT REPORTER[']S TRANSCRIPT FOR THIS RECORD." Rowzee also wrote a letter to the circuit clerk in which she stated, "I have checked my records, and I have no record of a hearing which I took in the above styled and numbered cause."

## DISCUSSION

¶3. We must "decide each case by the facts shown in the record, not assertions in the brief . . . ." *Burney v. State*, 515 So. 2d 1154, 1160 (Miss. 1987) (quoting *Mason v. State*, 440 So. 2d 318, 319 (Miss. 1983) ). *Accord,* [*McDerment v. Miss. Real Estate Comm'n*](), 748 So. 2d 114, 120 (Miss. 1999); *Phillips v. State*, 421 So. 2d 476, 478 (Miss. 1982) ("[C]onsideration of matters on appeal is limited *strictly* to matters contained in the trial record . . . .") (emphasis in original). "[O]ur review . . . will include only those facts actually contained in the record and to those arguments contained in the appellant's brief, the appellee's brief, and the appellant's rebuttal brief." *Id.*

¶4. The appellant has "the duty of insuring that the record contains sufficient evidence to support his assignments of error on appeal." *Burney*, 515 So. 2d at 1160 (quoting *Robinson v. State*, 345 So. 2d 1044, 1045 (Miss. 1977). *Accord, McDerment*, 748 So. 2d at 120; *Baugh v. State*, 388 So. 2d 141, 143 (Miss. 1980); *Rhodis v. State*, 349 So. 2d 1046, 1047 (Miss. 1977). We have stated as follows:

> It is the appellant's duty to see that all matters necessary to his appeal, such as exhibits, witnesses' testimony, and so forth, are included in the record, and he may not complain of his own failure in that regard. The Supreme Court may only act on the record presented to it. *Shelton v. Kindred*, 279 So. 2d 642, 644 (Miss. 1973). There are adequate procedures and safeguards to assure that incorrect or incomplete records are remedied. The appellant has failed to place the necessary record pertaining to this assignment of error before us, and we are therefore unable to consider it.

*Branch v. State*, 347 So. 2d 957, 958-59 (Miss. 1977). "Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them." *Mason*, 440 So. 2d at 319.

¶5. In *Burney*, the appellant claimed that the trial court's refusal to give certain jury instructions was error, but he failed to include the jury instructions in the record. We found that, because the appellant's claims were unsupported by the record, they were without merit. *Burney*, 515 So. 2d at 1160. In *Rhodis*, we found that, because the appellants "did not follow any authorized procedure to [supplement or amend the record], and did not avail themselves of their opportunity to pass upon the correctness and completeness of the record or of the methods available to them to correct errors and supply omissions in the record," their convictions were affirmed because there was "no prejudicial error . . . disclosed by the record." 349 So. 2d

at 1048.

¶6. More pertinent to the case at bar, in ***Baugh***, we held that there was no reversible error because:

> The closing argument was not taken in shorthand by the court reporter. A tape recorder was used, but most of the argument was inaudible. That part which could be transcribed is questionable as to whether or not it constituted a comment on appellant's failure to testify, and it appeared to be in answer to argument of appellant's counsel. . . . [T]he Court [has] held that such a comment must clearly appear from the record. There was no request for, or attempt to construct, a special bill of exceptions to show what was said and done. On the record, there is no way for this Court to consider that assignment, it not having been preserved for our consideration.

***Baugh***, 388 So. 2d at 143 (citations omitted).

¶7. In the case at bar, Randall did not file a response to the motion to compel arbitration. Therefore, as Oakwood states in its brief, "there is simply nothing in the record which would demonstrate the subject arbitration agreement was unenforceable on its face. . . ." Oakwood then contends that, because there is no evidence in the record to support the denial of the motion to compel, we must reverse. Oakwood obviously ignores the precedent noted above that the burden is on the appellant to demonstrate why the lower court was in error. Because we presume that the decisions of the lower courts are correct, ***Robinson***, 345 So. 2d at 1045, we must affirm.

## CONCLUSION

¶8. Because Oakwood did not fulfill its duty to provide a complete record, we affirm the circuit court's order denying the motion to compel arbitration, and we remand this case for further proceedings consistent with this opinion.

¶9. **AFFIRMED AND REMANDED.**

> **PITTMAN, C.J., McRAE, SMITH, P.JJ., COBB, DIAZ, EASLEY AND CARLSON, JJ., CONCUR. GRAVES, J., NOT PARTICIPATING.**

1. Oakwood Acceptance Corporation was added as a defendant in an amended complaint.

2. For convenience, the four appellants will be collectively referred to as "Oakwood." The three businesses will be referred to as "Oakwood, Inc."

3. Actually, Randall purchased the mobile home from Destiny Industries, Inc., which later became a wholly-owned subsidiary of Oakwood, Inc.