# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-01979-SCT

*TUPELO AUTO SALES, LTD.*

*v.*

*GARY P. SCOTT*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/20/2001 |
| TRIAL JUDGE: | HON. RICHARD D. BOWEN |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | SHELBY KIRK MILAM |
| | PAUL NATHAN JENKINS |
| | S. DUKE GOZA |
| | ROGER M. TUBBS |
| ATTORNEY FOR APPELLEE: | GREGORY W. HARBISON |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED AND REMANDED - 05/08/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PITTMAN, C.J., WALLER AND CARLSON, JJ.**

**PITTMAN, CHIEF JUSTICE, FOR THE COURT:**

¶1.     In response to a complaint filed by Gary P. Scott alleging that it breached various implied and statutory warranties, Tupelo Auto Sales, Ltd. ("TAS") filed a Motion to Compel Arbitration and Dismiss the Complaint with prejudice. The circuit court entered an order denying the motion, and from this order TAS appeals.

## FACTS

¶2.     On December 2, 1999 Tupelo Auto Sales sold Gary P. Scott a used 1997 Chrysler Sebring convertible. In August of 2001, Scott filed a complaint alleging that TAS breached its implied warranty

of merchantability and certain provisions of the Mississippi Motor Vehicle Warranty Enforcement Act. Scott claims that shortly after purchasing the vehicle, he noticed that one of the headlights was out and a noise coming from the power steering system. He took the car in for repairs and discovered several other general defects ranging from worn brakes to a temperamental passenger window switch.

¶3.     In its answer, TAS asserted that any claims that Scott may have are covered by the Arbitration Agreement signed by Scott contemporaneously with his purchase of the convertible. This agreement was printed in full in a separate document apart from the contract to purchase the car and the financing agreement. It is titled "Arbitration Agreement." After filing its answer to the complaint, TAS filed a motion to Compel Arbitration and Dismiss the Claims with prejudice. In his response to TAS's motion, Scott claimed that he requested arbitration from TAS but received no response. He claimed that this failure to respond rendered the contract voidable, and he stated that in his response that he "elected to void" the arbitration provisions in the contract. Neither the record nor the parties' briefs provide specifics regarding TAS's alleged failure to respond to Scott's request for arbitration.

¶4.     On December 20, 2001, the trial court entered an order denying the motion to compel arbitration. No explanation for this ruling is found in the order, which summarily denies the motion.[1]

## STANDARD OF REVIEW

¶5.     The grant or denial of a motion to compel arbitration is reviewed de novo. *East Ford, Inc. v. Taylor*, 826 So. 2d 709, 713 (Miss. 2002) (citing *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996)).

## STATEMENT OF APPELLATE JURISDICTION

---

[1]This was apparently done after a hearing; however, there is no transcript of the hearing in the record.

¶6. Initially, the trial court's order appears to be interlocutory and thus insulated from review by this Court. Scott seeks relief on state law grounds in his complaint, alleging breach of implied warranties of merchantability and fitness as codified in Miss. Code Ann. §§ 75-2-314(2)(c) & 75-2-608(1)(a) as well as breach of express warranties found in the Mississippi Motor Vehicle Warranty Enforcement Act as codified in Miss. Code Ann. § 63-17-151 and following. The trial court's order denying the motion to compel arbitration leaves the state claims for breach of warranty intact and pending resolution at the trial level.

¶7. However, the Federal Arbitration Act provides that an appeal can be taken from an order denying a motion to compel arbitration, 9 U.S.C. § 16(a)(1)(C) (2002), and the Fifth Circuit allows such an appeal. *See, e.g., Walton v. Rose Mobile Homes, LLC*, 298 F.3d 470 (5th Cir. 2002). Some state courts have also held that an appeal from an order denying a motion to compel arbitration is the appropriate avenue of review. *See A.G. Edwards & Sons, Inc. v. Clark*, 558 So. 2d 358, 360 (Ala. 1990); *Walton v. Lewis*, 987 S.W.2d 262, 264 (Ark. 1999); *Dakota Wesleyan Univ. v. HPG Intern., Inc.*, 560 N.W.2d 921, 922-23 (S.D. 1997).

¶8. Recently, this Court has reviewed two cases on interlocutory appeal, pursuant to M.R.A.P. 5, where the trial judge denied a motion to compel arbitration. *See Oakwood Homes Corp. v. Randall*, 824 So. 2d 1292 (Miss. 2002); *East Ford*, 826 So. 2d at 711. We have also recently reviewed an order granting a motion to compel arbitration and dismissed the appeal from that order as interlocutory. *See Banks v. City Fin. Co.*, 825 So. 2d 642 (Miss. 2002). Similarly, we have reviewed on the merits and affirmed an order granting a motion to compel arbitration, but did not discuss this Court's jurisdiction as the issue was not raised as it was in *Banks*. *See Russell v. Performance Toyota, Inc.*, 826 So. 2d

3

719 (Miss. 2002). Finally, we have affirmed an order denying a tardy motion to compel arbitration which reached us on direct appeal after a jury trial. *See* ***Cox v. Howard, Weil, Labouisse, Friedrichs, Inc.***, 619 So. 2d 908 (Miss. 1993).

¶9. The instant case was not granted interlocutory appeal per M.R.A.P. 5, nor is the order denying the motion to compel arbitration certified as final judgment per Miss. R. Civ. P. 54(b). Although Mississippi has a statute allowing for appeals from an order denying a motion to compel arbitration, this statute only applies to construction contracts. *See* Miss. Code Ann. §§ 11-15-141 & 11-15-101(2). *See also* Miss. Code Ann. §§ 11-15-1 to -37, which deals with arbitration, but has no such appeals provision. The statute generally allowing for appeals from circuit court reads as follows:

> An appeal may be taken to the Supreme Court from any final judgment of a circuit or chancery court in a civil case, not being a judgment by default, by any of the parties or legal representative of such parties; and in no case shall such appeal be held to vacate the judgment or decree.

Miss. Code Ann. § 11-51-3 (Rev. 2002).

¶10. Since it appears to us after examining our statutes and case law that there may be some confusion as to the finality of an order denying a motion to compel arbitration and thus this Court's jurisdiction, we find a bright-line rule must be established here. The lack of a final judgment or a grant of a petition for interlocutory appeal notwithstanding, we find that we have jurisdiction over this appeal. Adopting the procedure of the Federal Arbitration Act and following the lead of other jurisdictions, we find an appeal may be taken from an order denying a motion to compel arbitration.

## ANALYSIS

I. **WHETHER THE TRIAL COURT COMMITTED A REVERSIBLE ERROR BY DENYING TUPELO AUTO SALE'S MOTION TO COMPEL ARBITRATION WHEN A**

4

**CONTRACT TO ARBITRATE EXISTED BETWEEN TUPELO AUTO SALES AND MR. SCOTT AND THE DISPUTES AT BAR FALL WITHIN THE SCOPE OF THAT AGREEMENT.**

¶11.    The main issue on appeal is whether the trial court properly denied Tupelo Auto Sales's Motion to Compel Arbitration.  TAS contends that the arbitration agreement covers the resolution of the claims Scott asserts against it for the problems he has encountered with his convertible.  Scott argues that the arbitration agreement is unconscionable.  He also argues that since his repeated efforts to arbitrate his claims against TAS were ignored, the trial court was correct in denying the motion and retaining jurisdiction as TAS waived its right to compel arbitration.  TAS replies that the arbitration agreement is not unconscionable, TAS did not waive its right to compel arbitration, and Scott is estopped from making this argument because he first attempted arbitration and thus acknowledged its binding validity.

¶12.    We find this case to be so similar to the recently decided case of *Oakwood Homes Corp. v. Randall*, that its outcome determines the outcome here.  There, this Court granted interlocutory appeal to examine whether a trial court erred in denying a motion to stay litigation and compel arbitration.  We affirmed the trial court's decision because we found the record wholly inadequate for appellate review and presumed the trial court's decision to be correct.  824 So. 2d at 1293-94.  The appellant suffered the sanction for failing in its duty to preserve the record for consideration and showing therein how the trial court erred.  *Id.*  The order denying the motion to compel arbitration stated no grounds as to why the trial court denied the motion.  There existed no transcript of the recessed hearing on the motion, and the appellee did not even respond to the motion.  *Id.* at 1293, 1294.

¶13.    The instant case is similar in that no transcript of the hearing on the motion to compel arbitration exists in the record, and attempts by this Court to obtain one have been fruitless.  The trial court's order,

5

like the one in *Oakwood Homes*, summarily denies the motion without elaboration. While Scott did respond to the motion to compel arbitration–framing the issues similarly before both the trial court and this Court–we find this fact provides no greater weight to an argument that the trial court's ruling is in error where the order and the record do not provide reversible grounds. Therefore, consistent with *Oakwood Homes*, we find that the trial court's judgment should be affirmed and this case remanded.

## CONCLUSION

¶14.    Having found that we have jurisdiction to hear this appeal, we conclude that Tupelo Auto Sales has wholly failed to demonstrate how the trial court erred in its arriving at its

judgment. Therefore, the trial court's judgment is affirmed, and this case is remanded for further proceedings.

¶15.    **AFFIRMED AND REMANDED.**

**SMITH, P.J., WALLER, COBB, EASLEY, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., AND DIAZ, J., CONCUR IN RESULT ONLY.**