SOUTHWICK, P.J.,
for the court.
¶ 1. Pamela Thompson was found in contempt for unpaid child support to her ex-husband, Donald Surber. She claims that the chancellor improperly denied her an opportunity to present documentary and testimonial evidence favoring her case. She further submits that her actions did not constitute contempt. We find no support in the record for these allegations. Consequently, we affirm.
STATEMENT OF FACTS
¶ 2. In 1988, the parties were granted a divorce, with custody of their minor child awarded to Ms. Thompson. In January 1999, the parties submitted an agreed order of modification, transferring custody of the child to Mr. Surber. In December 1999, a further agreed order of modification assessed child support in the amount of $150 per month to Thompson. In November 2002, the Mississippi Department of Human Services filed a petition for contempt, claiming that Thompson was over $5000 in arrears of her child support obligation. A hearing on the contempt motion was held, and a judgment finding Thompson in contempt was entered on December 6, 2002. A schedule for Thompson to pay the past-due amounts as well as remain current in the future was set in the court’s order. Thompson’s appeal from that judgment has been deflected here.
■ DISCUSSION
¶ 3. Thompson argues that the chancellor improperly limited her presentation of evidence. There was no transcript of the *741 hearing, as only the pleadings were designated by Thompson’s attorney for the appellate record. Thus almost all is left solely to the imagination.
¶4. Thompson alleges that she had in fact paid most or all of the child support but just had not been paying it through the Department of Human Services. She apparently attempted to introduce a receipt book in which she claims her child support payments were recorded. This book, Thompson argues, would have rebutted any finding of “willful and deliberate” action on her part justifying a finding of contempt. She alleges that the chancellor “instructed Defendant to sit down and shut up or she would be incarcerated.”
¶ 5. The Department of Human Services in its brief states that the father of the child denied at the hearing ever receiving any of the payments. If both parties are correct in their assertions, the chancellor was simply dealing with conflicting evidence as to the existence of payments.
¶ 6. It is the appellant’s duty to supply a reviewing court with an adequate record for the issues under consideration. Oakwood Homes Corp. v. Randall, 824 So.2d 1292, 1293 (Miss.2002). “Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them.” Id. at 1294 (quoting Mason v. State, 440 So.2d 318, 319 (Miss.1983)). We do not know if a court reporter was present, and the failure was in having a transcript made, or whether there was no reporter and thus no post hoc means to create a transcript. Both parties seemingly agree that Thompson had no counsel at the hearing.
¶ 7. Once counsel was retained, had there been no reporter there still was a means to correct the deficiency in the record:
If no stenographic report or transcript of all or part of the evidence or proceedings is available, the appellant may prepare a statement of the evidence or proceedings from the best available means, including recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of the appeal....
M.R.A.P. 10(c). The summary is to be filed with the court clerk, and the opposing party then has an opportunity to file timely objections. Id. We must have some statement which would serve as a basis for an appellant’s claims.
¶ 8. Absent a record basis to determine otherwise, we presume the chancellor’s order of contempt was based on adequate evidence. If the chancellor did refuse to admit the receipt book that Thompson states she had compiled and then offered, we will presume that the chancellor did at least hear evidence that no payments were made. Whatever the receipt book might have shown, maintained as it was solely by Thompson, it would not have been conclusive anyway.
¶ 9. Thompson further claims that the chancellor failed to follow “the dictates of the Mississippi Supreme Court which require that a Chancellor make specific findings of fact on the record which support a Chancellor’s final decision.”
¶ 10. We agree that after a bench trial, the court has discretion to enter specific findings even without a party’s request. M.R.C.P. 52(a). In matters of “any significant complexity ... the word ‘may* in Rule 52(a) should be construed to mean ‘generally should.’ ” Tricon Metals & Services, Inc. v. Topp, 516 So.2d 236, 239 (Miss.1987).
¶ 11. What information can be gleaned from the record before us suggests that *742 the issue was straightforward, not complex. We do not find that the chancellor abused his discretion in failing to enter specific factual findings without a request to do so.
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF TIPPAH COUNTY IS HEREBY AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND GRIFFIS, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.