872 So.2d 744 (2004)
Michael GILMORE a/k/a Michael Deshawn Gilmore a/k/a Mac, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01869-COA.
Court of Appeals of Mississippi.
May 11, 2004.
*746 William C. Trotter, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before KING, C.J., BRIDGES, P.J., and CHANDLER, J.
BRIDGES, P.J., for the Court.
¶ 1. The Grand Jury of Washington County indicted Michael Gilmore for the offenses of capital murder and sexual battery. A jury trial followed in which the jury returned a verdict of "guilty." Gilmore received a sentence of life in prison without the possibility of parole on the capital murder charge and life in prison for the sexual battery charge, with the sentences to run consecutively. Following the trial court's denial of his motion for a directed verdict, motion for a new trial and JNOV, he now appeals to this Court.

*747 STATEMENT OF THE ISSUES
I. WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT A DIRECTED VERDICT OR A J.N.O.V.
II. WHETHER THE JURY'S VERDICT WAS BASED ON THE OVERWHELMING WEIGHT OF THE EVIDENCE.
III. WHETHER THE TRIAL COURT ERRED IN FAILING TO SUPPRESS THE STATEMENT OF GILMORE TO THE POLICE OFFICERS ON NOVEMBER, 2, 1999.
IV. WHETHER THE TRIAL COURT ERRED IN FAILING TO SEND THE JURY QUESTIONNAIRE TO VENIRE PERSONS IN SUFFICIENT TIME TO BE OF BENEFIT TO COUNSEL.
V. WHETHER THE TRIAL COURT ERRED IN ADMITTING THE AUTOPSY PICTURES OF THE VICTIM.
VI. WHETHER THE TRIAL COURT ERRED IN THE GUILT PHASE DURING CLOSING ARGUMENTS OF THE PROSECUTION IN ALLOWING THE STATE TO PLACE THE BURDEN OF PROOF ON GILMORE TO PRODUCE EVIDENCE.

FACTS
¶ 2. Y.S., a two year old, lived with her mother, her younger brother and her mother's boyfriend, the defendant, Michael Gilmore. On November 1, 1999, the child's mother woke up and left for work around 8:50 to 8:55 a.m, leaving the two children alone with Gilmore. When the child's mother came home later that day she found the child in bed with burns on her back and immediately took her to the hospital. Police officers from the Greenville Police Department were called to King's Daughters Hospital, in Greenville, Mississippi, to investigate the death of the child, who was dead on arrival. In a statement made by Gilmore, he stated that the child was burned by hot water from a pot she pulled off the stove and that he was the only adult in the house when she was burned. He also denied doing anything to the child. The State alleges that when the mother left to go to work, the child was fine, but by noon that same day the child was dead of blunt force trauma. It is also alleged that the child had been burned with boiling water and was sexually battered.

ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT A DIRECTED VERDICT OR A J.N.O.V.
¶ 3. With regards to Gilmore's first issue, he argues that the trial court committed reversible error when it failed to grant his motions for a directed verdict, or in the alternative, JNOV. He claims that the evidence was simply insufficient to sustain a verdict of guilty in his case and requires a reversal. Specifically, Gilmore claims there were no eyewitnesses, Gilmore voluntarily submitted to physical tests and never fled the scene. As for the sexual battery, he claims that the police turned a blind eye to the fact that there were three adults in the house with the victim, up and until approximately 9:40 a.m. on the day of Y.S.'s death.
¶ 4. With regards to motions for directed verdict and also a JNOV, our standard of review is as follows:
Sufficiency questions are raised in motions for directed verdict and also in JNOV motions. McClain v. State, 625 So.2d 774, 778 (Miss.1993). Where a defendant moves for a JNOV or a directed verdict, the trial court considers all of the credible evidence consistent *748 with the defendant's guilt, giving the prosecution the benefit of all favorable inferences that may be reasonably drawn from this evidence. Id. This Court is authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence is such that reasonable and fair-minded jurors could not find the accused guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987.)
Holmes v. State, 798 So.2d 533, 538 (¶ 18) (Miss.2001).
¶ 5. Motions for directed verdict and motions for JNOV are both for the purpose of challenging the legal sufficiency of the evidence. Noe v. State, 616 So.2d 298, 302 (Miss.1993); McClain, 625 So.2d at 778. See also Strong v. State, 600 So.2d 199, 201 (Miss.1992).
¶ 6. Our standard of review regarding the legal sufficiency of the evidence is as follows:
[W]e must, with respect to each element of the offense, consider all of the evidencenot just the evidence which supports the case for the prosecutionin the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fairminded jurors could only find the accused not guilty.
Wetz, 503 So.2d at 808.
¶ 7. The court in Billiot stated that the "jury is the sole judge of the credibility of witnesses, and the jury's decision based on conflicting evidence will not be set aside where there is substantial and believable evidence supporting the verdict." Billiot v. State, 454 So.2d 445, 463 (Miss.1984). This Court may not make an assessment on the credibility of the trial witnesses as this task is one for the jury. Kinzey v. State, 498 So.2d 814, 818 (Miss.1986).
¶ 8. According to the above standard of review, this Court looks at the evidence in the light most favorable to the verdict. We do not have the responsibility of reweighing the evidence to determine which witnesses we believe had the most credibility. All of the evidence points to the fact that Gilmore committed capital murder and sexual battery. There is no merit to this issue
II. WHETHER THE JURY'S VERDICT WAS BASED ON THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 9. Gilmore also argues that the verdict was against the overwhelming weight of the evidence. "He argues further that even though the evidence was laid out in front of them, the jury refused to consider it [sic]."
¶ 10. When discussing whether the verdict is against the overwhelming weight of the evidence, the standard of review is abuse of discretion in failing to grant a new trial. In Montana v. State, the Mississippi Supreme Court stated:
In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight *749 of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal.
Montana v. State, 822 So.2d 954, 967-68 (¶ 61) (Miss.2002) (citation omitted).
¶ 11. The record reflects evidence, through DNA evidence and Gilmore's own confession, that Gilmore was guilty of capital murder and sexual battery. The record presents substantial evidence to support the verdict; therefore, we find this issue is without merit.
III. WHETHER THE TRIAL COURT ERRED IN FAILING TO SUPPRESS THE STATEMENT OF GILMORE TO THE POLICE OFFICERS ON NOVEMBER, 2, 1999.
¶ 12. Gilmore raised the issue of whether his confession was voluntarily given because when interviewed by the investigating officers and upon his signing a waiver of the Miranda[1] rights, he claims a check mark was placed upon the form indicating that he did not wish to give a statement without an attorney. He later, but prior to the trial of this case, filed a motion to suppress the statement given by him and sought a hearing thereon. This hearing was also videotaped and later transcribed. The record indicates that a hearing was held but only one of the three investigating officers (or officers present at the signing of the confession) was present. While the record states the reason for one of the officer's absence as being a change in job and movement to another state, the record does indicate, however, that the State gave a reason excusing one of the officers at that time but did not give a reason as to the other. The record is devoid of why the third officer could not be summoned and the record is also devoid of any testimony by the defendant in his behalf. Gilmore claims that the testimony given by the one officer on cross-examination was sufficient to be rebuttal as required by Malone v. State, 829 So.2d 1253, 1257-58 (Miss.Ct.App.2002); see also Kelly v. State, 735 So.2d 1071, 1077 (Miss.Ct. App.1999); Mettetal v. State, 602 So.2d 864, 867-68 (Miss.1992); Lesley v. State, 606 So.2d 1084, 1091 (Miss.1992).
¶ 13. The applicable burden of proof for proving the voluntariness of a confession was set out in Agee v. State, 185 So.2d 671, 673 (Miss.1966), where the court held that:
The State had the burden of proving the voluntariness of a confession. This burden is met by the testimony of an officer, or other person having knowledge of the facts, that the confession was voluntarily made without any threats, coercion, or offer of reward. This makes out a prima facie case for the State on the question of voluntariness. When objection is made to the introduction of the confession, the accused is entitled to a preliminary hearing on the question of the admissibility of the confession. This hearing is conducted in the absence of the jury ... [W]hen, after the State has made out a prima facie case as to the voluntariness of the confession, the accused offers testimony that violence, threats of violence, or offers of reward induced the confession, then the State must offer all the officers who were present when the accused was questioned and when the confession was signed, or give an adequate reason for the absence of any such witness.
(citations omitted). In Thorson v. State, 653 So.2d 876, 888 (Miss.1994), the Mississippi Supreme Court maintained that the procedure enunciated in Agee still remains good law in this state.
¶ 14. Gilmore claims that his cross-examination of the witness at the suppression *750 hearing was sufficient to be rebuttal as required by the above stated law. However, this is not the case. According to established case law, the defendant must offer testimony that the confession was not voluntary. Agee, 185 So.2d at 673; also see Abram v. State, 606 So.2d 1015, 1029-30 (Miss.1992); Cox v. State, 586 So.2d 761, 763 (Miss.1991); Scott v. State, 382 So.2d 1091, 1092 (Miss.1980). Since Gilmore never rebuts the State's prima facie case in the case sub judice, the State was not required to produce every witness that was present during the questioning and confession.
¶ 15. Therefore, this Court finds this issue to be without merit.
IV. WHETHER THE TRIAL COURT ERRED IN FAILING TO SEND THE JURY QUESTIONNAIRE TO VENIRE PERSONS IN SUFFICIENT TIME TO BE OF BENEFIT TO COUNSEL.
¶ 16. Gilmore claims that the trial court failed to send the jury questionnaire to venire persons in sufficient time to be of benefit to counsel in voir dire. However, Gilmore fails to present any legal authority to support his claim.
¶ 17. In Mississippi, it is well established that this Court is not required to address any issue that is not supported by reasons and authority. Hoops v. State, 681 So.2d 521, 535 (Miss.1996) (citing Pate v. State, 419 So.2d 1324, 1325-26 (Miss. 1982)). Furthermore, the requirements for the argument in an appellate brief are stated in Mississippi Rules of Appellate Procedure 28(a)(1)(6): "The argument shall contain the contentions of appellate with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied upon."
¶ 18. Gilmore's brief fails to cite any relevant authority to support his position. Accordingly, we hold that this issue is procedurally barred.
V. WHETHER THE TRIAL COURT ERRED IN ADMITTING THE AUTOPSY PICTURES OF THE VICTIM.
¶ 19. Gilmore contends that the trial court erred in admitting photographs of the victim at trial.
¶ 20. In McClee v. Simmons, this Court stated that "it is a well settled rule that this Court will only consider facts within the trial record. This Court does not rely on assertions made in briefs, but only on facts preserved within a record certified by law." McClee v. Simmons, 834 So.2d 61, 64-65(¶ 12) (Miss.Ct.App.2002). The Mississippi Supreme Court has also addressed this issue and has stated that "the appellant has the duty of insuring that the record contains sufficient evidence to support his assignments of error on appeal." Oakwood Homes Corp. v. Randall, 824 So.2d 1292, 1293 (¶ 4) (Miss.2002).
¶ 21. The record shows that four photos were admitted into evidence. However, the pictures and/or any exhibits to which Gilmore objected, are not part of the record on appeal and this Court does not have the benefit of seeing what the trial judge saw or what was shown to the jury. It is the appellant's duty to present a complete record on appeal and to include items of which he is complaining so that this Court may review the alleged error. Gilmore has failed to place the necessary record pertaining to his assignment of error before us, and we are therefore, unable to consider his assignment of error. Therefore, the trial court's decision is affirmed as to this issue.
VI. WHETHER THE TRIAL COURT ERRED IN THE GUILT PHASE DURING CLOSING ARGUMENTS OF THE PROSECUTION IN ALLOWING THE STATE TO PLACE THE BURDEN OF PROOF ON GILMORE TO PRODUCE EVIDENCE.
¶ 22. Finally, Gilmore claims that the trial court erred in the guilt phase *751 during closing arguments of the prosecution in allowing the State to place the burden of proof on Gilmore to produce evidence. The defense, in its closing argument, implicated that the State had not put on all of the evidence and had left some of it at the crime lab and that they also had not met their burden of proof beyond a reasonable doubt. The prosecutor, in his final argument to the jury, rebutted the arguments made by the defense, and argued that all the evidence was subject to subpoena by the defendant, who could have requested anything that was tested by the crime lab. The State's argument is as followed:
Carlton (DA): Let me see if I can touch on a few things that have been raised in this case.
No. 1. I don't have any apology to make for the manner and method that this case has been presented or tried.
No. 2. Everything that's in the Crime Laboratory is subject to subpoena. If they [the defense] wanted it here, all they got to do is say, "Judge, issue this subpoena and bring it here."
Trotter (Defense Counsel): Your honor, I object to that. That places a burden on us which we don't have.
The Court: The objection is overruled.
Carlton: If they want it here, they can get it here. So my point is thisto talk about what's not here is not fair. Let's talk about what is here....
¶ 23. It is well established in Mississippi that the standard of review applied to lawyer misconduct during opening statements or closing arguments is "whether the natural and probable effect of the misconduct is to create unjust prejudice against the accused so as to result in a decision influenced by the prejudice so created." Flowers v. State, 842 So.2d 531 (Miss.2003); Davis v. State, 660 So.2d 1228, 1248 (Miss.1995); Johnson v. State, 596 So.2d 865, 869 (Miss.1992).
¶ 24. Where a closing argument does not result in unjust prejudice against the accused as to result in a decision influenced by the prejudice so created, this Court will find it harmless. Mooneyham v. State, 842 So.2d 579, (Miss.Ct.App.2002).
¶ 25. In the closing arguments of the case sub judice, the prosecutor's making a point in an attempt to rebut arguments made by the defense in its closing arguments was not so prejudicial that reversal is warranted. Therefore, we find no merit to this issue.
¶ 26. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I CAPITAL MURDER AND SENTENCE OF LIFE WITHOUT POSSIBILITY OF PAROLE; COUNT II SEXUAL BATTERY AND SENTENCE OF LIFE TO RUN CONSECUTIVELY TO SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
KING, C.J., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)