IRVING, P.J.,
for the Court;
¶ 1. On October 25, 2010, the Panola County Circuit Court denied, in part, Green Tree Servicing LLC’s (Green Tree) motion to compel Regenald and Lisa Simmons to arbitrate their claims against Green Tree. Feeling aggrieved, Green Tree appeals and argues that the circuit court erred in finding that: (1) the arbitration clause is substantively unconscionable; (2) the Simmonses’ claims are outside the scope of the arbitration agreement; and (3) Green Tree waived its right to compel arbitration.
¶ 2. Because we find that the Simmons-es’ claims are within the scope of the arbitration clause and Green Tree did not waive its right to compel arbitration, we reverse the circuit court’s denial of Green Tree’s motion to compel and remand this case for entry of an appropriate order referring this case to arbitration in accordance with the arbitration agreement.
FACTS
¶ 3. In 2000, the Simmonses obtained financing from Green Tree to purchase a *478 mobile home.[1] Later, a dispute arose between the Simmonses and Green Tree over the Simmonses’ failure to make mortgage payments. Green Tree filed a replevin action in the Panola County Circuit Court in 2004 and ultimately obtained a final judgment in replevin against the Simmons-es. However, Green Tree did not attempt to take possession of the mobile home until 2009.
¶4. On January 22, 2009, Chad Mills, the owner of Pontotoc Mobile Home Transport LLC (PMHT), came to the Sim-monses’ property to repossess the mobile home on behalf of Green Tree. Lisa assured Mills that they were current in their mortgage payments to Green Tree and asked Mills if he had any documentation authorizing him to repossess the mobile home. Mills responded that he did not. Lisa asked Mills to leave the property, and when he would not, she called the Panola County Sheriffs Department. Deputy Earl Burdette escorted Mills off the property. The Simmonses then drove to Oxford, Mississippi, to file an emergency bankruptcy petition and stop the repossession of their home.
¶ 5. While the Simmonses were in Oxford, Mills returned to their property with a copy of the 2004 final judgment in re-plevin and removed half of the Simmonses’ mobile home. The United States Bankruptcy Court for the Northern District of Mississippi declared that an automatic stay was in effect and ordered the return of the portion of the mobile home that had been removed.[2] On January 26, 2009, Green Tree returned and reconnected the portion of the mobile home that Mills had removed four days earlier. However, it refused to reconnect the gas, water, and sewage lines that had been cut during the portion’s removal.
¶ 6. The Simmonses retained a mobile-home expert to conduct an inspection of the home. The inspection revealed that the cost to safely reconnect and repair the home would exceed $30,000. On February 23, 2009, a fire destroyed the mobile home. An investigation confirmed that the cause of the fire was Green Tree’s negligent disconnection and reconnection of the mobile home’s wiring.
¶ 7. The Simmonses filed a complaint against Green Tree, Mills, and PMHT, alleging wrongful repossession, destruction of property, negligence, gross negligence, fraudulent concealment, and fraud. In response, Green Tree filed a motion to compel the Simmonses to arbitrate their claims. The circuit court ruled that, while the Simmonses’ fraudulent concealment and fraud claims remained subject to arbitration, their claims for wrongful repossession, destruction of property, negligence, and gross negligence were not subject to arbitration because Green Tree had waived arbitration of those claims by initiating a replevin action in 2004. The circuit court also ruled that none of the Simmonses’ claims against Mills or PMHT were subject to arbitration.
¶ 8. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Jurisdiction

¶ 9. The Simmonses’ complaint against Green Tree, Mills, and PMHT is a *479 multiple-party, multiple-claim action governed by Rule 54(b) of the Mississippi Rules of Civil Procedure. Rule 54(b) provides as follows:
When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated!,] which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties!,] and the order or other form of decision is subject to revision at any time before the entry of [a] judgment adjudicating all the claims and the rights and liabilities of all the parties.
(Emphasis added). Additionally, the comment to Rule 54 states that “[ajbsent a certification under Rule 54(b), any order in a multiple[-]party or multiple[-]claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory.” M.R.C.P. 54 cmt.
¶ 10. In this case, the circuit court’s order compelled only some of the Sim-monses’ claims against Green Tree to arbitration. The Simmonses’ remaining claims against Green Tree and all of their claims against Mills and PMHT were left for resolution in the circuit court. The court failed to certify its order as a final judgment under Rule 54(b). Therefore, the circuit court’s order appears to be unap-pealable.
¶ 11. However, in Tupelo Auto Sales v. Scott, 844 So.2d 1167, 1170 (¶10) (Miss.2008), the Mississippi Supreme Court established a bright-line rule regarding the finality of a circuit court’s order denying a motion to compel arbitration. After acknowledging that state statutes and previous case law created significant confusion on the matter, our supreme court held that, “[t]he lack of a final judgment or a grant of a petition for interlocutory appeal notwithstanding, .... an appeal may be taken from an order denying a motion to compel arbitration.” Id. The court reaffirmed the rule from Scott in Sawyers v. Herrin-Gear Chevrolet Co., 26 So.3d 1026, 1032 (¶ 13) (Miss.2010), by stating that the rule “simplified the process for parties aggrieved by a [circuit] court’s denial of a motion to compel arbitration.” Therefore, even though the circuit court’s order is not a typical final judgment, this Court has jurisdiction to review the merits of this appeal.

2. Substantive Unconscionability

¶ 12. The standard of review for the denial of a motion to compel arbitration is de novo. Sawyers, 26 So.3d at 1034 (¶ 20). Green Tree contends that the circuit court erroneously found that the arbitration agreement between the Simmonses and Green Tree was substantively unconscionable. However, there was no such ruling. The circuit court found that the agreement allowed Green Tree to “use the judicial system to repossess the [Simmons-es] mobile home” but bound the Simmons-es to arbitration on any claim that they may have raised regarding the contract. Green Tree responded that this arrangement did not make the agreement unconscionable. Although the court disagreed, it ruled against Green Tree because' it found that Green Tree had “waive[d] any right to compel arbitration in cases where it is alleged that [its] use of the judicial *480 process has damaged someone,” not because it found that the agreement was unconscionable. Accordingly, this issue is without merit.

3. Scope of the Arbitration Agreement

¶ 13. The circuit court determined that some of the Simmonses’ claims were outside the scope of the arbitration agreement because those claims arose out of Green Tree’s use of the judicial replevin process. We disagree and find that all of the Simmonses’ claims are subject to arbitration.
¶ 14. “Courts often characterize arbitration language as either broad or narrow. Broad arbitration language governs disputes ‘related to’ or ‘connected with’ a contract, and narrow arbitration language requires arbitration of disputes that directly ‘arise out of a contract.” MS Credit Center Inc. v. Horton, 926 So.2d 167, 175-76 (¶ 24) (Miss.2006) (citing Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd., 139 F.3d 1061, 1067 (5th Cir.1998)). Therefore, “[bjecause broad arbitration language is capable of expansive reach, courts have held that it is only necessary that the dispute ‘touch’ matters covered by the contract to be arbitrable.” Id. at 176 (¶ 25) (citations and internal quotations omitted).
¶ 15. The arbitration agreement between the Simmonses and Green Tree contains the following language:
All disputes, claims, or controversies arising from or relating to the [contract or the relationships which result from this [cjontract, or the validity of this arbitration clause or the entire [cjontract, shall be resolved by binding arbitration.... The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this agreement.... Notwithstanding anything hereunto the contrary, you retain an option to use judicial or non-judicial relief to enforce a security agreement relating to the collateral secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation^] or to foreclose on the collateral. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment!,] or to enforce the security agreement shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this [cjontract....
(Emphasis added). Although the circuit court did not characterize this language as either broad or narrow, the arbitration clause clearly uses broad language. Therefore, all claims that touch matters covered by the contract between the Sim-monses and Green Tree must be arbitrated.
¶ 16. Here, the Simmonses’ claims for wrongful repossession, destruction of property, and gross negligence stem from Green Tree’s right to repossess the mobile home, which is discussed in paragraph sixteen of the contract.[3] Additionally, the *481 Simmonses’ negligence claim is based on Green Tree’s failure to process or delay in processing the payments and fees owed under the contract. Accordingly, the Sim-monses’ claims “relate to” the contract that they signed with Green Tree and are within the scope of the arbitration agreement.

h. Waiver

¶ 17. The circuit court ruled that Green Tree had waived its right to compel arbitration because the Simmonses’ claims stemmed from Green Tree’s 2004 replevin action. To establish that a party has waived its right to compel arbitration, “the objector to arbitration must establish ‘that a party seeking arbitration substantially invoke[d] the judicial process to the detriment or prejudice of the other party.’ ” Russell v. Performance Toyota, Inc., 826 So.2d 719, 724 (¶ 15) (Miss.2002) (quoting Subway Equip. Leasing Corp. v. Forte, 169 F.3d 324, 326 (5th Cir.1999)). Additionally, the party claiming waiver must offer sufficient evidence to overcome the presumption against a waiver of arbitration. Id. at (¶ 16).
¶ 18. Neither the Mississippi Supreme Court nor this Court has had the opportunity to address whether the use of an exception in an arbitration clause acts as a waiver for claims arising after the use of the exception. However, our supreme court has previously held that repossession of a vehicle, without the use of the judicial process, does not waive the right to compel arbitration. Id. at 724 (¶¶ 17-19). In Russell, the court favorably cited Conseco Fin. Servicing Corp. v. Wilder, 47 S.W.3d 335, 345 (Ky.Ct.App.2001). Id. at (¶18).
¶ 19. In Wilder, the plaintiffs obtained financing from Conseco to purchase a mobile home. Wilder, 47 S.W.3d at 337. The plaintiffs alleged that the mobile home was defective when it was delivered, and Con-seco failed to repair the mobile home. Id. As a result, the plaintiffs stopped making monthly mortgage payments. Id. In 1997, Conseco sued the plaintiff under the contract and repossessed the mobile home. Id. at 337-38. When the plaintiffs filed suit to have the contract rescinded, Conse-co requested that the plaintiffs’ claims be compelled to arbitration. Id. at 338. The circuit court denied Conseco’s motion, finding that the arbitration clause was unconscionable. Id.
¶ 20. On appeal, Conseco argued that its arbitration clause was not unconscionable. Id. The plaintiffs argued several grounds for affirming the circuit court’s judgment, including that Conseco had waived its right to compel arbitration by using the judicial process to repossess the mobile home. Id. at 344. The court determined that Conseco had not waived its right to compel arbitration because its actions were pursuant to a valid arbitration agreement and were not “for the purpose of gaining ... or conferring any tactical advantage with respect to the ... subsequent complaint.” Id. at 345.
¶ 21. Like Conseco, Green Tree attempted to repossess the Simmonses’ mobile home, which served as collateral to secure the transaction between Green Tree and the Simmonses. Green Tree’s action was specifically permitted by the arbitration clause, was not for the purpose of gaining a tactical advantage against the Simmonses, and did not constitute a waiver of Green Tree’s right to compel arbitration. The Simmonses agreed to this course of action twice in the contract— once in that portion of the contract that explained Green Tree’s general remedies if the Simmonses defaulted on the contract and again in the arbitration clause regarding Green Tree’s right to enforce the security agreement relating to the mobile home.
*482 ¶ 22. Moreover, when the Simmonses filed their subsequent complaint against Green Tree, Green Tree’s only response was to file a motion to compel the Sim-monses to arbitrate their claims. Therefore, there was no overt action on Green Tree’s behalf that manifested a desire to resolve the present arbitrable dispute through litigation rather than through arbitration. Furthermore, the Simmonses have failed to present any evidence that they have suffered prejudice in the present action as a result of Green Tree’s 2004 replevin action. As such, the circuit court erred in finding that Green Tree waived its right to compel arbitration.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY DENYING THE MOTION TO COMPEL ARBITRATION IS REVERSED AND THIS CASE IS REMANDED TO THE CIRCUIT COURT FOR THE ENTRY OF AN ORDER REFERRING THIS CASE TO ARBITRATION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. BARNES AND JAMES, JJ., NOT PARTICIPATING.

. All of the facts set forth in this opinion are taken from the Simmonses’ complaint, as Green Tree had not filed an answer at the time that it filed its motion to compel arbitration.

. We presume that Green Tree petitioned the bankruptcy court to lift the automatic stay and was denied. However, the official bankruptcy filings and orders are not part of the record.

. Paragraph sixteen of the contract between the Simmonses and Green Tree states, in pertinent part:
Unless prohibited by law, if I am in default on this [c]ontract, you have all of the remedies provided by law, this [cjontract, and any separate personal property security agreement, real estate mortgage, or deed of trust.... Your remedies include the following: ... (D) You may immediately take possession of the [pjroperty by legal process or self-help, if you do so lawfully.